JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Edward J. Dalesandro and Rosemary A. Dalesandro

## DEFENDANTS
Wells Fargo Bank, N.A., LSF9 Master Participation Trust, Caliber Home Loans, Inc. and Phelan Hallinan Diamond & Jones, LLP

**(b)** County of Residence of First Listed Plaintiff     Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant     York (South Carolina)
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Alan B. Kane, Esquire, The Law Office of Alan B. Kane
Suite 608, One Montgomery Plaza, Norristown, PA 19401
Tele: (610) 279-5151

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☒ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC Section 1601 et seq.

Brief description of cause:
Violations of the Fair Debt Collections Practices Act, 15 USC Section 1601, et seq.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**  less than 150,000.00
CHECK YES only if demanded in complaint
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
01/04/2016

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| EDWARD J. DALESANDRO,<br>ROSEMARY A. O'DONNELL A/K/A<br>ROSEMARY A. DALESANDRO<br>Vs.<br>WELLS FARGO BANK, N.A., et al | :<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br><br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    (x )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        ( )

| | | |
|---|---|---|
| January 4, 2016 | Alan B. Kane, Esquire | |
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiff |
| 610-279-5151 | 610-277-4870 | akaneesqcpa@msn.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __128 Bonnet Lane, Hatboro, PA  19040__

Address of Defendant: __3476 Stateview Blvd., Fort Mill, SC 29715__

Place of Accident, Incident or Transaction: __128 Bonnet Lane, Hatboro, PA 19040__
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
  (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))        Yes☐  No☒

Does this case involve multidistrict litigation possibilities?        Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
        Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
        Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
        Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
        Yes☐  No☒

**CIVIL: (Place ✔ in ONE CATEGORY ONLY)**

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) __Fair Debt Collection Practices Act__

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, __Alan B. Kane__ , counsel of record do hereby certify:
  ☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
  ☐ Relief other than monetary damages is sought.

DATE: __January 4, 2016__ _____   Attorney-at-Law __Alan B. Kane, Esq__   __66379__
                                                                          Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __January 4, 2016__ _____   Attorney-at-Law __Alan B. Kane, Esq.__   __66379__
                                                                          Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD J. DALESANDRO ) | |
| ROSEMARY A. O'DONNELL A/K/A ) | |
| ROSEMARY A. DALESANDRO ) | |
| 128 Bonnet Lane ) | |
| Hatboro, PA 19040 ) | |
| ) | |
| Plaintiffs, ) | CIVIL ACTION |
| ) | |
| v. ) | NO. |
| ) | |
| WELLS FARGO BANK, N.A. ) | |
| 3476 Stateview Boulevard ) | |
| Fort Mill, SC 29715 ) | |
| ) | |
| and ) | |
| ) | |
| LSF9 MASTER PARTICIPATION TRUST ) | |
| 13801 Wireless Way ) | |
| Oklahoma City, OK 73134 ) | |
| ) | |
| and ) | |
| ) | |
| CALIBER HOME LOANS, INC. ) | |
| 13801 Wireless Way ) | |
| Oklahoma City, OK 73134 ) | |
| ) | |
| and ) | |
| ) | |
| PHELAN HALLINAN DIAMOND & JONES, LLP ) | |
| F/K/A PHELAN HALLINAN & SCHMIEG, LLP ) | |
| 1617 John F. Kennedy Boulevard ) | |
| Suite 1400 ) | |
| One Penn Center at Suburban Station ) | |
| Philadelphia, PA 19103 ) | |
| Defendants. ) | |

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EDWARD J. DALESANDRO )<br>ROSEMARY A. O'DONNELL A/K/A )<br>ROSEMARY A. DALESANDRO )<br>128 Bonnet Lane )<br>Hatboro, PA 19040 )<br> )<br>       Plaintiffs, )<br> )<br>  v. )<br> )<br>WELLS FARGO BANK, N.A. )<br>3476 Stateview Boulevard )<br>Fort Mill, SC 29715 )<br> )<br>    and )<br> )<br>LSF9 MASTER PARTICIPATION TRUST )<br>13801 Wireless Way )<br>Oklahoma City, OK 73134 )<br> )<br>    and )<br> )<br>CALIBER HOME LOANS, INC. )<br>13801 Wireless Way )<br>Oklahoma City, OK 73134 )<br> )<br>    and )<br> )<br>PHELAN HALLINAN DIAMOND & JONES, LLP )<br>F/K/A PHELAN HALLINAN & SCHMIEG, LLP )<br>1617 John F. Kennedy Boulevard )<br>Suite 1400 )<br>One Penn Center at Suburban Station )<br>Philadelphia, PA 19103 )<br>      Defendants. ) | CIVIL ACTION<br><br>NO. |

## CIVIL COMPLAINT

COMES NOW, Edward J. Dalesandro and Rosemary A. Dalesandro, the plaintiffs herein, by and through their undersigned attorney, Alan B. Kane, Esquire, states and alleges as follows:

## JURY TRIAL

Please take notice that, pursuant to Rule 38(b) of the Federal

Rules of Civil Procedure, the plaintiffs hereby demand a jury trial in the above-entitled action.

## THE PARTIES

1. Plaintiff, Edward J. Dalesandro, is an adult individual residing at 128 Bonnet Lane, Hatboro, Pennsylvania 19040 and is a citizen of the Commonwealth of Pennsylvania.

2. Plaintiff, Rosemary A. Dalesandro, is an adult individual residing at 128 Bonnet Lane, Hatboro, Pennsylvania 19040 and is a citizen of the Commonwealth of Pennsylvania.

3. Defendant, Wells Fargo Bank, N.A. is a corporation with an address at 3476 Stateview Boulevard, Fort Mill, SC 29715.

4. Defendant, LSF9 Master Participation Trust, is a business trust with an address at 13801 Wireless Way, Oklahoma City, OK 73134.

5. Defendant, Caliber Home Loans, Inc., is a corporation with an address at 13801 Wireless Way, Oklahoma City, OK 73134.

6. Defendant, Phelan Hallinan Diamond & Jones, LLP f/k/a Phelan Hallinan & Schmieg, LLP, is a limited liability partnership with a business address at 1617 John F. Kennedy Boulevard, Suite 1400, One Penn Center at Suburban Station, Philadelphia, PA 19103.

## JURISDICTION

7. Jurisdiction of this Court over this action is invoked under the Fair Debt Collection Practices Act, as amended, 15 U.S.C. §1601 et. seq. ("FDCPA"). Jurisdiction of this Court over this

2

action is invoked pursuant to 28 U.S.C. §1331 because the plaintiff has raised federal claims under the FDCPA. This Court may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

8.    Venue is properly placed in the United States District Court for the Eastern District of Pennsylvania, since the plaintiff's causes of action arose within the Eastern District of Pennsylvania, and the defendants do business and/or has a business location within the Eastern District of Pennsylvania and may be served with process therein.

## OPERATIVE FACTS

9.    On or about July 23, 2004, the plaintiffs obtained a mortgage through Gateway Funding Diversified Mortgage L.P. which mortgage was recorded in the Office of the Recorder of Deeds of Montgomery County, Pennsylvania in Mortgage book 11209, Page 1101.

10.    The Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, obtained the mortgage for personal, family, and/or household purposes, and used the funds obtained for personal, family, and/or household purposes.

11.    By way of Assignment, the Mortgage was assigned to the Defendant, Wells Fargo Bank N.A., which was recorded on April 12, 2007 in the Office of the Recorder of Deeds of Montgomery County, Pennsylvania in Mortgage book 12080, Page 2321.

12.    On or about May 3, 2011, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, and the Defendant, Wells

3

Fargo Bank, N.A., entered into a Mortgage modification agreement. A true and correct copy of the said mortgage modification agreement is attached as Exhibit "A" and made a part hereof.

13.  In accordance with the terms of the Mortgage Modification Agreement, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, are required to make monthly mortgage payments of $1,578.30.

14.  In accordance with the terms of the Mortgage Modification Agreement, on July 1, 2011, the Defendant, Wells Fargo Bank, N.A. received and accepted a payment in the amount of $1,578.30 from the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, for payment regarding said Mortgage.

15.  In accordance with the terms of the Mortgage Modification Agreement, on July 29, 2011, the Defendant, Wells Fargo Bank, N.A. received and accepted a payment in the amount of $1,578.30 from the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, for payment regarding said Mortgage.

16.  In accordance with the terms of the Mortgage Modification Agreement, on August 31, 2011, the Defendant, Wells Fargo Bank, N.A., received and accepted a payment in the amount of $1,578.30 from the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, for payment regarding said Mortgage.

17.  In accordance with the terms of the Mortgage Modification Agreement, on September 30, 2011, the Defendant, Wells Fargo Bank, N.A., received and accepted a payment in the amount of $1,578.30 from the Plaintiffs, Edward J. Dalesandro and Rosemary A.

Dalesandro, for payment regarding said Mortgage.

18.  In accordance with the terms of the Mortgage Modification Agreement, on October 31, 2011, the Defendant, Wells Fargo Bank, N.A. received and accepted a payment in the amount of $1,578.30 from the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, for payment regarding said Mortgage.

19.  In accordance with the terms of the Mortgage Modification Agreement, on November 30, 2011, the Defendant, Wells Fargo Bank, N.A. received and accepted a payment in the amount of $1,578.30 from the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, for payment regarding said Mortgage.

20.  In accordance with the terms of the Mortgage Modification Agreement, on December 29, 2011, the Defendant, Wells Fargo Bank, N.A., received and accepted a payment in the amount of $1,578.30 from the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, for payment regarding said Mortgage.

21.  In accordance with the terms of the Mortgage Modification Agreement, on January 31, 2012, the Defendant, Wells Fargo Bank, N.A., received and accepted a payment in the amount of $1,578.30 from the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, for payment regarding said Mortgage.

22.  In accordance with the terms of the Mortgage Modification Agreement, on February 29, 2012, the Defendant, Wells Fargo Bank, N.A., received and accepted a payment in the amount of $1,578.30 from the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, for payment regarding said Mortgage.

23.    Although,  the  Plaintiffs,  Edward  J.  Dalesandro  and
Rosemary  A.  Dalesandro,  were  tendering  mortgage  payments  in
accordance  with  the  Mortgage  Modification  Agreement  and  the
Defendant,  Wells  Fargo  Bank,  N.A.,  had  received  and  accepted  the
payments made by the Plaintiffs, Edward J. Dalesandro and Rosemary
A.  Dalesandro,  the  Defendant,  Wells  Fargo  Bank,  N.A.,  and  by  and
through  the  Phelan  Hallinan  Diamond  &  Jones,  LLP  f/k/a   Phelan
Hallinan & Schmieg, LLP, filed a mortgage foreclosure action in the
Court  of  Common  Pleas  of  Montgomery  County,  Pennsylvania,  Docket
2012-05493.   A true and correct copy of the Mortgage Foreclosure
Complaint is attached as Exhibit "B" and made a part hereof.

24.  Paragraph 5 of the Mortgage Foreclosure Complaint falsely
misrepresents  that  the  mortgage  is  in  default  because  monthly
payments of principal and interest upon said mortgage due October
1, 2011 and each month thereafter are due and unpaid.   A true and
correct  copy  of  the  Mortgage  Foreclosure  Complaint  is  attached  as
Exhibit "B" and made a part hereof.

25.  In accordance with the terms of the Mortgage Modification
Agreement,  on  March  30,  2012,  the  Defendant,  Wells  Fargo  Bank,
N.A.,  received  and  accepted  a  payment  in  the  amount  of  $1,578.30
from  the  Plaintiffs,  Edward  J.  Dalesandro  and  Rosemary  A.
Dalesandro, for payment regarding said Mortgage.

26.  In accordance with the terms of the Mortgage Modification
Agreement,  on  April  30,  2012,  the  Defendant,  Wells  Fargo  Bank,
N.A.,  received  and  accepted  a  payment  in  the  amount  of  $1,578.30
from the defendants for payment regarding said Mortgage.

27. In accordance with the terms of the Mortgage Modification Agreement, on May 31, 2012, the Defendant, Wells Fargo Bank, N.A., received and accepted a payment in the amount of $1,578.30 from the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, for payment regarding said Mortgage.

28. In accordance with the terms of the Mortgage Modification Agreement, on June 29, 2012, the Defendant, Wells Fargo Bank, N.A., received and accepted a payment in the amount of $1,578.30 from the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, for payment regarding said Mortgage.

29. In accordance with the terms of the Mortgage Modification Agreement, on July 31, 2012, the Defendant, Wells Fargo Bank, N.A., received and accepted a payment in the amount of $1,578.30 from the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, for payment regarding said Mortgage.

30. In accordance with the terms of the Mortgage Modification Agreement, on August 31, 2012, the Defendant, Wells Fargo Bank, N.A., received and accepted a payment in the amount of $1,578.30 from the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, for payment regarding said Mortgage.

31. In accordance with the terms of the Mortgage Modification Agreement, on September 28, 2012, the Defendant, Wells Fargo Bank, N.A., received and accepted a payment in the amount of $1,578.30 from the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, for payment regarding said Mortgage.

32. In accordance with the terms of the Mortgage Modification

7

Agreement, on October 31, 2012, the Defendant, Wells Fargo Bank, N.A., received and accepted a payment in the amount of $1,578.30 from the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, for payment regarding said Mortgage.

33. In accordance with the terms of the Mortgage Modification Agreement, on November 30, 2012, the Defendant, Wells Fargo Bank, N.A. received and accepted a payment in the amount of $1,578.30 from the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, for payment regarding said Mortgage.

34. In accordance with the terms of the Mortgage Modification Agreement, on December 31, 2012, the Defendant, Wells Fargo Bank, N.A., received and accepted a payment in the amount of $1,578.30 from the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, for payment regarding said Mortgage.

35. In accordance with the terms of the Mortgage Modification Agreement, on January 31, 2013, the Defendant, Wells Fargo Bank, N.A. received and accepted a payment in the amount of $1,578.30 from the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, for payment regarding said Mortgage.

36. In accordance with the terms of the Mortgage Modification Agreement, on February 28, 2013, the Defendant, Wells Fargo Bank, N.A., received and accepted a payment in the amount of $1,578.30 from the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, for payment regarding said Mortgage.

37. In accordance with the terms of the Mortgage Modification Agreement, on April 1, 2013, the Defendant, Wells Fargo Bank, N.A.,

8

received and accepted a payment in the amount of $1,578.30 from the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, for payment regarding said Mortgage.

38.  In accordance with the terms of the Mortgage Modification Agreement, on May 1, 2013, the Defendant, Wells Fargo Bank, N.A., received and accepted a payment in the amount of $1,578.30 from the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, for payment regarding said Mortgage.

39.  In accordance with the terms of the Mortgage Modification Agreement, on June 3, 2013, the Defendant, Wells Fargo Bank, N.A., received and accepted a payment in the amount of $1,578.30 from the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, for payment regarding said Mortgage.

40.  In accordance with the terms of the Mortgage Modification Agreement, on June 28, 2013, the Defendant, Wells Fargo Bank, N.A., received and accepted a payment in the amount of $1,578.30 from the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, for payment regarding said Mortgage.

41.  In accordance with the terms of the Mortgage Modification Agreement, on July 31, 2013, the Defendant, Wells Fargo Bank, N.A., received and accepted a payment in the amount of $1,578.30 from the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, for payment regarding said Mortgage.

42.  In accordance with the terms of the Mortgage Modification Agreement, on August 30, 2013, the Defendant, Wells Fargo Bank, N.A., received and accepted a payment in the amount of $1,578.30

from the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, for payment regarding said Mortgage.

43.  In accordance with the terms of the Mortgage Modification Agreement, on September 30, 2013, the Defendant, Wells Fargo Bank, N.A., received and accepted a payment in the amount of $1,578.30 from the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, for payment regarding said Mortgage.

44.  In accordance with the terms of the Mortgage Modification Agreement, on November 1, 2013, the defendant, Wells Fargo Bank, N.A., received and accepted a payment in the amount of $1,578.30 from the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, for payment regarding said Mortgage.

45.  In accordance with the terms of the Mortgage Modification Agreement, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, tendered the sum of $1,578.30 for the payment due for December, 2013, however, it was not accepted.

46.  In accordance with the terms of the Mortgage Modification Agreement, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, tendered the sum of $1,578.30 for the payment due for January, 2014, however, it was not accepted.

47.  In accordance with the terms of the Mortgage Modification Agreement, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, tendered the sum of $1,578.30 for the payment due for February, 2014, however, it was not accepted.

48.  In accordance with the terms of the Mortgage Modification Agreement, the Plaintiffs, Edward J. Dalesandro and Rosemary A.

Dalesandro, tendered the sum of $1,578.30 for the payment due for March, 2014, however, it was not accepted.

49.  In accordance with the terms of the Mortgage Modification Agreement, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, tendered the sum of $1,578.30 for the payment due for April, 2014, however, it was not accepted.

50.  In accordance with the terms of the Mortgage Modification Agreement, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, tendered the sum of $1,578.30 for the payment due for May, 2014, however, it was not accepted.

51.  In accordance with the terms of the Mortgage Modification Agreement, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, tendered the sum of $1,578.30 for the payment due for June, 2014, however, it was not accepted.

52.  In accordance with the terms of the Mortgage Modification Agreement, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, tendered the sum of $1,578.30 for the payment due for July, 2014, however, it was not accepted.

53.  In accordance with the terms of the Mortgage Modification Agreement, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, tendered the sum of $1,578.30 for the payment due for August, 2014, however, it was not accepted.

54.  In accordance with the terms of the Mortgage Modification Agreement, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, tendered the sum of $1,578.30 for the payment due for September, 2014, however, it was not accepted.

55.   In accordance with the terms of the Mortgage Modification Agreement, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, tendered the sum of $1,578.30 for the payment due for October, 2014, however, it was not accepted.

56.   In accordance with the terms of the Mortgage Modification Agreement, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, tendered the sum of $1,578.30 for the payment due for November, 2014, however, it was not accepted.

57.   In accordance with the terms of the Mortgage Modification Agreement, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, tendered the sum of $1,578.30 for the payment due for December, 2014, however, it was not accepted.

58.   In accordance with the terms of the Mortgage Modification Agreement, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, tendered the sum of $1,578.30 for the payment due for January, 2015, however, it was not accepted.

59.   In accordance with the terms of the Mortgage Modification Agreement, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, tendered the sum of $1,578.30 for the payment due for February, 2015, however, it was not accepted.

60.   In accordance with the terms of the Mortgage Modification Agreement, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, tendered the sum of $1,578.30 for the payment due for March, 2015, however, it was not accepted.

61.   In accordance with the terms of the Mortgage Modification Agreement, the Plaintiffs, Edward J. Dalesandro and Rosemary A.

Dalesandro, tendered the sum of $1,578.30 for the payment due for April, 2015, however, it was not accepted.

62. In accordance with the terms of the Mortgage Modification Agreement, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, tendered the sum of $1,578.30 for the payment due for May, 2015, however, it was not accepted.

63. In accordance with the terms of the Mortgage Modification Agreement, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, tendered the sum of $1,578.30 for the payment due for June, 2015, however, it was not accepted.

64. In accordance with the terms of the Mortgage Modification Agreement, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, tendered the sum of $1,578.30 for the payment due for July, 2015, however, it was not accepted.

65. The Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, repeatedly demanded that the Defendant, Wells Fargo Bank, N.A. withdraw its Mortgage Foreclosure Action and honor the Mortgage Modification Agreement.

66. However, the Defendants, Wells Fargo Bank, N.A. and Phelan Hallinan Diamond & Jones, LLP f/k/a Phelan Hallinan & Schmieg, LLP, continued to pursue the Mortgage Foreclosure Action and falsely represented the character, amount and legal status of the Mortgage.

67. On July 24, 2015, Phelan Hallinan Diamond & Jones, LLP f/k/a Phelan Hallinan & Schmieg, LLP, filed substitution of party which named the Defendant, LSF9 Master Participation Trust, as the

13

new plaintiff in the Mortgage Foreclosure Action by way of assignment. A true and correct copy of the Praecipe for Substitution is attached as Exhibit "C" and made a part hereof.

68. The Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, repeatedly demanded that the Defendant, LSF9 Master Participation Trust, withdraw its Mortgage Foreclosure Action and honor the Mortgage Modification Agreement.

69. However, the Defendants, LSF9 Master Participation Trust, and Phelan Hallinan Diamond & Jones, LLP f/k/a Phelan Hallinan & Schmieg, LLP, continued to pursue the Mortgage Foreclosure Action and falsely represented the character, amount and legal status of the Mortgage.

70. Furthermore, the Defendant, LSF9 Master Participation Trust, retained the Defendant, Caliber Home Loans, Inc., as the mortgage server.

71. The Defendant, Caliber Home Loans, Inc., continued to intentionally falsely represented the character, amount and legal status of the Mortgage.

72. In accordance with the terms of the Mortgage Modification Agreement, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, tendered the sum of $1,578.30 for the payment due for August, 2015, however, it was not accepted.

73. In accordance with the terms of the Mortgage Modification Agreement, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, tendered the sum of $1,578.30 for the payment due for September, 2015, however, it was not accepted.

14

74.   In accordance with the terms of the Mortgage Modification Agreement, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, tendered the sum of $1,578.30 for the payment due for Octcber, 2015, however, it was not accepted.

75.   In accordance with the terms of the Mortgage Modification Agreement, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, tendered the sum of $1,578.30 for the payment due for November, 2015, however, it was not accepted.

76.   In accordance with the terms of the Mortgage Modification Agreement, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, tendered the sum of $1,578.30 for the payment due for December, 2015, however, it was not accepted.

77.   Although, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, have complied with the terms of the Mortgage Modification Agreement, the Defendants, Wells Fargo Bank, N.A., LSF9 Master Participation Trust, Caliber Home Loans, Inc., and Phelan Hallinan Diamond & Jones, LLP f/k/a Phelan Hallinan & Schmieg, LLP, continued to pursue the Mortgage Foreclosure Action against the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, and falsely represented the character, amount and legal status of the Mortgage.

78.   Although, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, have complied with the terms of the Mortgage Modification Agreement, the Defendants, Wells Fargo Bank, N.A., LSF9 Master Participation Trust, Caliber Home Loans, Inc., and Phelan Hallinan Diamond & Jones, LLP f/k/a Phelan Hallinan &

Schmieg, LLP, continued to pursue alleged amounts not due and falsely represented the character, amount and legal status of the Mortgage.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")
## (15 U.S.C. §1601, ET SEQ.)
## EDWARD J. DALESANDRO AND ROSEMARY DALESANDRO v.
## WELLS FARGO BANK, N.A., LSF9 MASTER PARTICIPATION
## TRUST CALIBER HOME LOANS, INC. AND PHELAN HALLINAN
## DIAMOND & JONES, LLP  F/K/A PHELAN HALLINAN & SCHMIEG, LLP

79.    The Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, incorporate by reference paragraphs 1 through 78 of this Complaint as if fully set forth herein.

80.    Pursuant to 15 U.S.C. §1692(a)(6), the Defendants, Wells Fargo Bank, N.A., LSF9 Master Participation Trust, Caliber Home Loans, Inc., and Phelan Hallinan Diamond & Jones, LLP f/k/a Phelan Hallinan & Schmieg, LLP, are "debt collectors" within the meaning of the FDCPA at all times relevant herein.

81.    It is a violation of the FDCPA for a debt collector to make false representations regarding the character, amount or legal status any debt.

82.    The Defendants, Wells Fargo Bank, N.A., LSF9 Master Participation Trust, Caliber Home Loans, Inc., and Phelan Hallinan Diamond & Jones, LLP f/k/a Phelan Hallinan & Schmieg, LLP, have repeatedly falsely represented the character, amount and legal status of the Mortgage.

83.    The Defendants, Wells Fargo Bank, N.A., LSF9 Master Participation Trust, Caliber Home Loans, Inc., and Phelan Hallinan

16

Diamond & Jones, LLP f/k/a Phelan Hallinan & Schmieg, LLP, have repeatedly falsely represented that the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, have defaulted on the Mortgage.

84.    The Defendants, Wells Fargo Bank, N.A., LSF9 Master Participation Trust, Caliber Home Loans, Inc., and Phelan Hallinan Diamond & Jones, LLP f/k/a Phelan Hallinan & Schmieg, LLP, have repeatedly falsely represented that the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, have failed to make monthly Mortgage payments due under the Mortgage since October 1, 2011 to the present.

85.    The Defendants, Wells Fargo Bank, N.A., LSF9 Master Participation Trust, Caliber Home Loans, Inc., and Phelan Hallinan Diamond & Jones, LLP f/k/a Phelan Hallinan & Schmieg, LLP, have repeatedly falsely represented that the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, have unpaid mortgage payments from October 1, 2011 to present.

86.    The Defendants, Wells Fargo Bank, N.A., LSF9 Master Participation Trust, Caliber Home Loans, Inc., and Phelan Hallinan Diamond & Jones, LLP f/k/a Phelan Hallinan & Schmieg, LLP, have repeatedly falsely represented that the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, have unpaid late charges in the amount of $177.39.

87.    Although, the Defendant, Wells Fargo Bank, N.A., knew that the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, were represented by legal counsel regarding the alleged

17

debt that the Defendant, Wells Fargo Bank, N.A., had on various occasions contacted the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, directly regarding this alleged debt.

88. The Defendant, Wells Fargo Bank, N.A., has violated the Fair Debt Collections Practices Act, 15 U.S.C. 1601, et seq. by making false and misleading representations to the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, regarding the character, amount and/or legal status of the Mortgage; directly contacting the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, directly knowing that the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, were represented by legal counsel, and the use of other unfair practices.

89. The Defendant, Caliber Home Loans, Inc., has violated the Fair Debt Collections Practices Act, 15 U.S.C. 1601, et seq. by making false and misleading representations to the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, regarding the character, amount and/or legal status of the Mortgage; directly contacting the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, directly knowing that the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, were represented by legal counsel, and the use of other unfair practices.

90. Although, the Defendant, Caliber Home Loans, Inc., knew that the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, were represented by legal counsel regarding the alleged debt, the Defendant, Caliber Home Loans, Inc. continued to contact the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro,

18

directly.

91.   The Defendant, Caliber Home Loans, Inc., has mailed the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, monthly information statements which falsely represent the character, amount and/or legal status of the Mortgage and the alleged debt directly knowing that the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, were represented by legal counsel.   A true and correct copy of the monthly Information Statements are attached as Exhibit "D" and made a part hereof.

92.   The Defendant, Caliber Home Loans, Inc., has mailed the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, various letters directing the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, to call the Defendant, Caliber Home Loans, Inc.   A true and correct copy of the letters are attached as Exhibit "E" and made a part hereof.

93.   On August 14, 2015, the Defendant, Caliber Home Loans, Inc., wrote the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, a letter in attempt to collect the alleged debt. A true and correct copy of the letter dated August 14, 2015 from the Defendant, Caliber Home Loans, Inc., is attached as Exhibit "F" and made a part hereof.

94.   The Defendant, LSF9 Master Participation Trust, Caliber Home Loans, Inc., and Phelan Hallinan Diamond & Jones, LLP f/k/a Phelan Hallinan & Schmieg, LLP, have violated the Fair Debt Collections Practices Act, 15 U.S.C. 1601, et seq. by making false and misleading representations to the Plaintiffs, Edward J.

19

Dalesandro and Rosemary A. Dalesandro, regarding the character, amount and/or legal status of the Mortgage, and the use of other unfair practices.

95.   As a result of actions of the Defendants, Wells Fargo Bank, N.A., LSF9 Master Participation Trust, Caliber Home Loans, Inc., and Phelan Hallinan Diamond & Jones, LLP f/k/a Phelan Hallinan & Schmieg, LLP, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, have suffered damages to their good name, loss of credit, emotional distress, embarrassment and humiliation, loss of value of their home, and other damages not in excess of $150,000.00.

96.   As a result of actions of the Defendants, Wells Fargo Bank, N.A., LSF9 Master Participation Trust, Caliber Home Loans, Inc., and Phelan Hallinan Diamond & Jones, LLP f/k/a Phelan Hallinan & Schmieg, LLP, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, have incurred a substantial amount of legal fees and continue to incur a substantial amount of legal fees to defend against the false and misleading representations made by the Defendants, Wells Fargo Bank, N.A., LSF9 Master Participation Trust, Caliber Home Loans, Inc., and Phelan Hallinan Diamond & Jones, LLP f/k/a Phelan Hallinan & Schmieg, LLP regarding the character, amount and/or legal status of the Mortgage.

97.   The plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, are also entitled to statutory damages in the amount of $1,000.00 per violation regarding the defendants' violations of the Fair Debt Collections Practices Act, 15, U.S.C. §1601, et seq.

**WHEREFORE**, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, pray for judgment in their favor and against the Defendants, Wells Fargo Bank, N.A., LSF9 Master Participation Trust, Caliber Home Loans, Inc., and Phelan Hallinan Diamond & Jones, LLP f/k/a Phelan Hallinan & Schmieg, LLP, as follows:

1. Awarding the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, compensatory damages not in excess of the sum of $150,000.00 for damages as a result of the violations of the Fair Debt Collections Practices Act, 15, U.S.C. 1601, et seq. by the Defendants, Wells Fargo Bank, N.A., LSF9 Master Participation Trust, Caliber Home Loans, Inc., and Phelan Hallinan Diamond & Jones, LLP f/k/a Phelan Hallinan & Schmieg, LLP;

2. Awarding the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, statutory damages in the amount of $1,000.00 per violation regarding the violations of the Fair Debt Collections Practices Act, 15, U.S.C. §1601, et seq. by the Defendants, Wells Fargo Bank, N.A., LSF9 Master Participation Trust, Caliber Home Loans, Inc., and Phelan Hallinan Diamond & Jones, LLP f/k/a Phelan Hallinan & Schmieg, LLP;

3. Awarding the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, the costs of this action, interest and reasonable attorneys fees; and

4. Granting to the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, such other or further relief as the Court may deem just and proper.

21

COUNT II
## VIOLATION OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT
(73 P.S. §2270.1, ET SEQ.)
EDWARD J. DALESANDRO AND ROSEMARY DALESANDRO v.
WELLS FARGO BANK, N.A., LSF9 MASTER PARTICIPATION
TRUST CALIBER HOME LOANS, INC. AND PHELAN HALLINAN
DIAMOND & JONES, LLP  F/K/A PHELAN HALLINAN & SCHMIEG, LLP

98.    The Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, incorporate by reference paragraphs 1 through 97 of this Complaint as if fully set forth herein.

99.    The Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S §2270.1, et seq. applies to both debt collectors and creditors as defined by the act.

100.    The actions of the Defendants, Wells Fargo Bank, N.A., LSF9 Master Participation Trust, Caliber Home Loans, Inc., and Phelan Hallinan Diamond & Jones, LLP f/k/a Phelan Hallinan & Schmieg, LLP, are in violation of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S §2270.1, et seq.

101.    The Defendant, Wells Fargo Bank, N.A., has violated the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S §2270.1, et seq. by making false and misleading representations to the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, regarding the character, amount and/or legal status of the Mortgage; directly contacting the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, directly knowing that the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, were represented by legal counsel, and the use of other unfair practices.

102.    The Defendant, Caliber Home Loans, Inc., has violated the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S

22

§2270.1, et seq. by making false and misleading representations to the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, regarding the character, amount and/or legal status of the Mortgage; directly contacting the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, directly knowing that the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, were represented by legal counsel, and the use of other unfair practices.

103.   The Defendants, LSF9 Master Participation Trust, Caliber Home Loans, Inc., and Phelan Hallinan Diamond & Jones, LLP f/k/a Phelan Hallinan & Schmieg, LLP, have violated the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S §2270.1, et seq. by making false and misleading representations to the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, regarding the character, amount and/or legal status of the Mortgage, and the use of other unfair practices.

104.   As a result of actions of the Defendants, Wells Fargo Bank, N.A., LSF9 Master Participation Trust, Caliber Home Loans, Inc., and Phelan Hallinan Diamond & Jones, LLP f/k/a Phelan Hallinan & Schmieg, LLP, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, have suffered damages to their good name, loss of credit, emotional distress, embarrassment and humiliation, loss of value of their home, and other damages not in excess of $150,000.00.

105.   As a result of actions of the Defendants, Wells Fargo Bank, N.A., LSF9 Master Participation Trust, Caliber Home Loans, Inc., and Phelan Hallinan Diamond & Jones, LLP f/k/a Phelan

23

Hallinan & Schmieg, LLP, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, have incurred a substantial amount of legal fees and continue to incur a substantial amount of legal fees to defend against the false and misleading representations made by the Defendants, Wells Fargo Bank, N.A., LSF9 Master Participation Trust, Caliber Home Loans, Inc., and Phelan Hallinan Diamond & Jones, LLP f/k/a Phelan Hallinan & Schmieg, LLP regarding the character, amount and/or legal status of the Mortgage.

**WHEREFORE**, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, pray for judgment in their favor and against the Defendants, Wells Fargo Bank, N.A., LSF9 Master Participation Trust, Caliber Home Loans, Inc., and Phelan Hallinan Diamond & Jones, LLP f/k/a Phelan Hallinan & Schmieg, LLP, as follows:

1. Awarding the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, compensatory damages not in excess of the sum of $150,000.00 for damages as a result of the violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S §2270.1, et seq. by the Defendants, Wells Fargo Bank, N.A., LSF9 Master Participation Trust, Caliber Home Loans, Inc., and Phelan Hallinan Diamond & Jones, LLP f/k/a Phelan Hallinan & Schmieg, LLP;

2. Awarding the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, statutory damages in the amount of $1,000.00 per violation regarding the violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S §2270.1, et seq. by the Defendants, Wells Fargo Bank, N.A., LSF9 Master Participation Trust, Caliber Home Loans, Inc., and Phelan Hallinan Diamond &

24

Jones, LLP f/k/a Phelan Hallinan & Schmieg, LLP;

3.   Awarding the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, the costs of this action, interest and reasonable attorneys fees; and

4.   Granting to the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, such other or further relief as the Court may deem just and proper.

## COUNT III
### VIOLATION OF PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (73 P.S. §201-1, ET SEQ.) EDWARD J. DALESANDRO AND ROSEMARY DALESANDRO v. WELLS FARGO BANK, N.A., LSF9 MASTER PARTICIPATION TRUST CALIBER HOME LOANS, INC. AND PHELAN HALLINAN DIAMOND & JONES, LLP  F/K/A PHELAN HALLINAN & SCHMIEG, LLP

106.   The Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, incorporate by reference paragraphs 1 through 105 of this Complaint as if fully set forth herein.

107.   The actions of the Defendants, Wells Fargo Bank, N.A. LSF9 Master Participation Trust, Caliber Home Loans, Inc., and Phelan Hallinan Diamond & Jones, LLP f/k/a Phelan Hallinan & Schmieg, LLP, constitute unfair trade practices and are in violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 P.S. §201-1, et seq.

108.   A violation of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S §2270.1, et seq. constitutes a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 P.S. §201-1, et seq.

109.  Pursuant to the Pennsylvania Unfair Trade Practices and

25

Consumer Protection Law 73 P.S. §201-1, et seq., the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, are due the greater of statutory damages or actual damages.

110. Pursuant to the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 P.S. §201-1, et seq., the Court can award treble damages and attorney's fees.

111. As a direct and proximate result of the unfair trade practices of the Defendants, Wells Fargo Bank, N.A., LSF9 Master Participation Trust, Caliber Home Loans, Inc., and Phelan Hallinan Diamond & Jones, LLP f/k/a Phelan Hallinan & Schmieg, LLP, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, have suffered damages to their good name, loss of credit, emotional distress, embarrassment and humiliation, loss of value of their home, and other damages not in excess of $150,000.00.damage to their good name, emotional distress, embarrassment and humiliation in an amount not in excess of $150,000.00.

112. As a result of actions of the Defendants, Wells Fargo Bank, N.A., LSF9 Master Participation Trust, Caliber Home Loans, Inc., and Phelan Hallinan Diamond & Jones, LLP f/k/a Phelan Hallinan & Schmieg, LLP, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, have incurred a substantial amount of legal fees and continue to incur a substantial amount of legal fees to defend against the false and misleading representations made by the Defendants, Wells Fargo Bank, N.A., LSF9 Master Participation Trust, Caliber Home Loans, Inc., and Phelan Hallinan Diamond & Jones, LLP f/k/a Phelan Hallinan & Schmieg, LLP, regarding the

character, amount and/or legal status of the Mortgage.

**WHEREFORE**, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, pray for judgment in their favor and against the Defendant, Wells Fargo Bank, N.A., LSF9 Master Participation Trust, Caliber Home Loans, Inc., and Phelan Hallinan Diamond & Jones, LLP f/k/a Phelan Hallinan & Schmieg, LLP, as follows:

1. Awarding the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, the greater of statutory damages or compensatory damages in the sum not in excess of $150,000.00;

2. Awarding the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, treble damages, and attorney's fees pursuant to the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 P.S. §201-1, et seq.;

3. Awarding the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, the costs of this action; and

4. Granting to the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, such other or further relief as the Court may deem just and proper.


**COUNT IV**
**BREACH OF MORTGAGE MODIFICATION AGREEMENT**
**DECLARATORY JUDGMENT**
**EDWARD J. DALESANDRO AND ROSEMARY DALESANDRO v.**
**WELLS FARGO BANK, N.A. and LSF9 MASTER PARTICIPATION TRUST**

113. The Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, incorporate by reference paragraphs 1 through 112 of this Complaint as if fully set forth herein.

114. The Plaintiffs, Edward J. Dalesandro and Rosemary A.

Dalesandro, seeks declaratory judgment that the Mortgage Modification Agreement is a valid and enforceable agreement between the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, and the Defendants, Wells Fargo Bank, N.A. and LSF9 Master Participation Trust.

115. The Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, seeks declaratory judgment that the Defendant, Wells Fargo Bank, N.A., by its conduct, action or omission, had ratified the Mortgage Modification Agreement, and that the Mortgage Modification Agreement is a valid and enforceable agreement between the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, and the Defendants, Wells Fargo Bank, N.A. and LSF9 Master Participation Trust.

116. The Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, seeks declaratory judgment that the Defendants, Wells Fargo Bank, N.A. and LSF9 Master Participation Trust, have to honor the Mortgage Modification Agreement and to accept the mortgage payments pursuant to the mortgage modification agreement made by the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, and that the Defendants, Wells Fargo Bank, N.A. and LSF9 Master Participation Trust, have breached the Mortgage Modification Agreement.

**WHEREFORE**, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, pray for a declaratory judgment in their favor and against the Defendants, Wells Fargo Bank, N.A. and LSF9 Master Participation Trust, as follows:

1.   Declaring that the Mortgage Modification Agreement is a valid and enforceable agreement between the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, and the Defendants, Wells Fargo Bank, N.A. and LSF9 Master Participation Trust;

2.   Declaring that the Defendants, Wells Fargo Bank, N.A. and LSF9 Master Participation Trust, have to honor the Mortgage Modification Agreement and to accept the mortgage payments pursuant to the mortgage modification agreement made by the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro;

3.   Declaring that the Defendants, Wells Fargo Bank, N.A. and LSF9 Master Participation Trust, have breached the Mortgage Modification Agreement;

4.   Declaring that the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, have tendered all payments in a timely manner and shall received credit for all payments tendered to defendants, Wells Fargo Bank, N.A. and LSF9 Master Participation Trust, without penalty; and.

5.   Awarding Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, attorney's fees and the costs of this action; and

6.   Granting the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, such other or further relief as the Court may deem just and proper.

## COUNT V
## BREACH OF MORTGAGE MODIFICATION AGREEMENT
### EDWARD J. DALESANDRO AND ROSEMARY DALESANDRO v.
### WELLS FARGO BANK, N.A. and LSF9 MASTER PARTICIPATION TRUST

117.   The Plaintiffs, Edward J. Dalesandro and Rosemary A.

29

Dalesandro, incorporate by reference paragraphs 1 through 116 of this Complaint as if fully set forth herein.

118. The failure of the Defendants, Wells Fargo Bank, N.A. and LSF9 Master Participation Trust, to honor the mortgage modification agreement and to accept the mortgage payments pursuant to the mortgage modification agreement made by the Counter-Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, constitutes a breach of contract.

119. As a result of the breach of the contract by the Defendant, Wells Fargo Bank, N.A. and LSF9 Master Participation Trust, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, have suffered damages to their good name, loss of credit, emotional distress, embarrassment and humiliation, loss of value of their home, and other damages not in excess of $150,000.00.

120. The actions of the Defendants, Wells Fargo Bank, N.A. and LSF9 Master Participation Trust, of filing the foreclosure action and continuing to pursue the foreclosure action, knowing that the plaintiffs each and every month have tendered the mortgage payment in accordance with the Mortgage Modification Agreement, against the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, is malicious and outrageous.

**WHEREFORE**, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, pray for judgment in their favor and against the Defendants, Wells Fargo Bank, N.A. and LSF9 Master Participation Trust, as follows:

30

1.  Awarding the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, compensatory damages in the sum not in excess of $150,000.00;

2.  Awarding the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, punitive and exemplary damages in an amount not in excess of $150,000.00 by reason of willful, wanton, malicious, reckless, and outrageous actions of the Defendants, Wells Fargo Bank, N.A. and LSF9 Master Participation Trust;

3.  Awarding the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, the costs of this action, and interest; and

4.  Granting to the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, such other or further relief as the Court may deem just and proper.

## COUNT VI
### BREACH OF GOOD FAITH AND FAIR DEALING
### EDWARD J. DALESANDRO AND ROSEMARY DALESANDRO v.
### WELLS FARGO BANK, N.A. and LSF9 MASTER PARTICIPATION TRUST

121.   The Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, incorporate by reference paragraphs 1 through 120 of this Complaint as if fully set forth herein.

122. The Defendants, Wells Fargo Bank, N.A. and LSF9 Master Participation Trust, had a duty to honor the mortgage modification agreement of May 3, 2011 entered into by the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, and the Defendant, Wells Fargo Bank, N.A., and assigned to the Defendant, LSF9 Master Participation Trust.

123.   The conduct of the Defendants, Wells Fargo Bank, N.A.,

and LSF9 Master Participation Trust, as set forth hereinabove, constitutes a breach of the covenant of good faith and fair dealing in performance of its obligations under the mortgage modification agreement to the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro.

124. As a result of the breach of the good faith and fair dealing regarding the Mortgage Modification Agreement by the Defendants, Wells Fargo Bank, N.A. and LSF9 Master Participation Trust, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, have suffered damages to their good name, loss of credit, emotional distress, embarrassment and humiliation, loss of value of their home, and other damages not in excess of $150,000.00.

**WHEREFORE**, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, pray for judgment in their favor and against the Defendants, Wells Fargo Bank, N.A. and LSF9 Master Participation Trust, as follows:

1. Awarding the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, compensatory damages in the sum not in excess of $150,000.00;

2. Awarding the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, the costs of this action, and interest; and

3. Granting to the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, such other or further relief as the Court may deem just and proper.

32

COUNT VII
ABUSE OF PROCESS
EDWARD J. DALESANDRO AND ROSEMARY DALESANDRO v.
WELLS FARGO BANK, N.A. and LSF9 MASTER PARTICIPATION TRUST

125.   The Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, incorporate by reference paragraphs 1 through 124 of this Complaint as if fully set forth herein.

126.   The Defendants, Wells Fargo Bank, N.A. and LSF9 Master Participation Trust, have falsely asserted that the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, have failed to make their monthly mortgage payments starting in October of 2011.

127.   The Defendants, Wells Fargo Bank, N.A. and LSF9 Master Participation Trust, falsified that the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, have failed to make their monthly mortgage payments starting in October of 2011, so that it would appear on the surface that the Defendants, Wells Fargo Bank, N.A. and LSF9 Master Participation Trust, had a legitimate cause of action against the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, and could foreclosure on the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro's property.

128.   Actions of the Defendants, Wells Fargo Bank, N.A. and LSF9 Master Participation Trust, constitute an abuse of process as the Defendants, Wells Fargo Bank, N.A. and LSF9 Master Participation Trust, used the legal system for an improper and illegitimate purpose to attempt to foreclose on the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro's property based solely on false facts.

129.   The Defendants, Wells Fargo Bank, N.A. and LSF9 Master

33

Participation Trust, knew that the allegation that the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, have failed to make their monthly mortgage payments starting in October of 2011 was false and proceeded to intentionally abuse the civil process.

130. As a result of actions of the Defendant, Wells Fargo Bank, N.A. and LSF9 Master Participation Trust, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, have suffered damages to their good name, loss of credit, emotional distress, embarrassment and humiliation, loss of value of their home, and other damages not in excess of $150,000.00.

131. The actions of the Defendants, Wells Fargo Bank, N.A. and LSF9 Master Participation Trust, in filing a foreclosure action and continuing to pursue the foreclosure action against the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, were malicious and outrageous conduct.

132. The actions of the Defendants, Wells Fargo Bank, N.A. and LSF9 Master Participation Trust, were and are malicious, willful, wanton, reckless, intentional and outrageous, entitling the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, to recover punitive damages as well as compensatory damages.

**WHEREFORE**, the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, pray for judgment in their favor and against the Defendants, Wells Fargo Bank, N.A. and LSF9 Master Participation Trust, as follows:

1. Awarding the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, compensatory damages not in the sum in excess of

34

$150,000.00;

2.  Awarding the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, punitive and exemplary damages in an amount in excess of $150,000.00 by reason of the willful, wanton, malicious, reckless, and outrageous actions of the Defendants, Wells Fargo Bank, N.A. and LSF9 Master Participation Trust;

3.  Awarding the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, the costs of this action; and

4.  Granting to the Plaintiffs, Edward J. Dalesandro and Rosemary A. Dalesandro, such other or further relief as the Court may deem just and proper.

Respectfully Submitted,

Dated: January 04, 2016          By:_____
                                 Alan B. Kane, Esquire
                                 Attorney Id No. 66379
                                 The Law Office of Alan B. Kane
                                 Attorney for Plaintiffs
                                 Suite 608
                                 One Montgomery Plaza
                                 Norristown, PA 19401
                                 Tele: (610) 279-5151
                                 Fax: (610) 277-4870
                                 E-Mail: Akaneesqcpa@msn.com

# EXHIBIT "A"



Wells Fargo Home Mortgage
MAC W0152-010
220 Wildwood Parkway
Birmingham, AL 35209

Tel: 877 325 4114 Toll Free

May 03, 2011

Edward J Dalesandro
Rosemary A Dalesandro
128 Bonnet Ln
Hatboro PA 19040

Dear Edward J Dalesandro & Rosemary A Dalesandro :

RE: Loan Number 0632563797, Client 936

This letter will confirm our conversation where we agreed to a modification of your mortgage loan.

In order to complete the modification, we will need you to complete the required steps outlined below:

X Sign the original Loan Modification Agreement where required.
___ Have the original Loan Modification Agreement Notarized where required.
X Return all pages of the original Loan Modification Agreement.
___ Sign the Truth-in-Lending Statement, if enclosed with your Loan Modification Agreement.
___ Provide the payment in the amount of $0.00, which will be applied towards the unpaid balances. Information about this payment amount is listed on the Loan Modification Settlement Statement as "Funds from Borrower".
___ Sign the notice of Special Flood Hazard Area (SFHA), if enclosed with your Loan Modification Agreement.
X Return ALL of the above documents along with the payment, if required, within ten (10) days from the date of this letter in the enclosed, self-addressed, prepaid express mail envelope to the address provided below:

~~1000 Blue Gentian Rd, Ste. 300, MAC X9999-01N~~
Eagan, MN 55121 *Refer to Envelope Enclosed*

NOTE: All mortgagors need to sign their name as it is printed on the documents. If one of the mortgagors listed should NOT be required to sign the documents OR has a different name than what is listed on the documents, please provide the appropriate documentation that supports this change. Acceptable documents may include a death certificate, divorce decree, or marriage certificate.

LM550/2IF/1

Together we'll go far

**WELLS FARGO | HOME MORTGAGE**

Wells Fargo Home Mortgage
MAC W0152-010
220 Wildwood Parkway
Birmingham, AL 35209

Tel: 877 325 4114 Toll Free

We must receive your response within 10 days
If all pages of the above documents and payment are not received within
ten (10) days from the date of this letter, we will conclude that you
are no longer interested in modifying your existing loan and will
cancel your request for a modification. Until we receive the signed
and completed documents and payment as requested above, we are unable
to complete the modification; we will continue to service your mortgage
loan - which may include continued collections communications via
telephone calls and/or letters and any legal proceedings.

DETAILS OF THE MODIFICATION:
1. Due date of first payment:                          07/01/2011
2. New principal and interest payment amount:          $1,109.04
3. Escrow Payment (if applicable):                     $469.26
   The required escrow payment is based on your previous analysis. Please
   review the escrow disclaimer on the Borrower Acknowledgements,
   Agreements, and Disclosures document for more information on your
   escrow payment.
4. Estimated new net payment:                          $1,578.30
   This payment amount includes Principal, Interest, and Escrow (if
   applicable)
5. Modified maturity date:                             06/01/2041
6. Interest rate:                                      4.875%
7. Payment Amount to be paid by borrower, if applicable. $0.00

There could still be outstanding fees/costs that are owed after the
modification is completed. These fees would be reflected on the Loan
Modification Settlement Statement.

If we can be of further assistance, please call us at 866-412-6942,
Monday - Friday 7 AM - 10 PM CST, Saturday 8 AM - 2 PM CST

Sincerely,

Fanny Barahona
Home Preservation Underwriter
Default

This communication is an attempt to collect a debt and any information
obtained will be used for that purpose. However, if you have received a
discharge of this debt in bankruptcy or are currently in a bankruptcy
case, this notice is not intended as an attempt to collect a debt and
this company has a security interest in the property and will only
exercise its rights as against the property.

Together we'll go far

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. NMLSR ID 399801



Wells Fargo Home Mortgage
MAC W0152-010
220 Wildwood Parkway
Birmingham, AL 35209

Tel: 877 325 4114 Toll Free

With respect to those loans located in the State of California, the state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors ma contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

LM550/2IF/3

Together we'll go far

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. NMLSR ID 399801

**WELLS FARGO | HOME MORTGAGE**

Wells Fargo Home Mortgage
MAC W0152-010
220 Wildwood Parkway
Birmingham, AL 35209

Tel: 877 325 4114 Toll Free

May 03, 2011
Loan Number: 936 0632563797

Borrower Acknowledgements, Agreements, and Disclosures

Fair Debt Collections Practices Act (FDCPA)
Wells Fargo Bank, N A is required by the Fair Debt Collections
Practices Act to inform you that if your loan is currently delinquent or
in default, as your loan servicer, we will be attempting to collect a
debt and any information obtained will be used for that purpose.
However, if you have received a discharge, and the loan was not
reaffirmed in the bankruptcy case, Wells Fargo Bank, N A
will only exercise its right against the property and is not
attempting any act to collect the discharge debt from you personally.

California Rosenthal Verbiage
With respect to loans located in the State of California, the state
Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt
Collection Practices Act require that, except under unusual
circumstances, collectors may not contact you before 8 a.m. or after
9 p.m. They may not harass you by using threats or violence or arrest or
by using obscene language. Collectors may not use false or misleading
statements or call you at work if they know or have reason to know that
you may not receive personal calls at work. For the most part,
collectors may not tell another person, other than your attorney or
spouse, about your debt. Collectors may contact another person to confirm
your location or enforce a judgment. For more information about debt
collection activities, you may contact the Federal Trade Commission at
1-877-FTC-HELP or www.ftc.gov.

Bankruptcy Disclosure
If you have received a discharge and the loan was not reaffirmed in the
bankruptcy case, we will only exercise our rights against the property
and are not attempting any act to collect the discharged debt from you
personally.

Escrow Payment Disclosure
If applicable, your escrow shortage may not be fully included in the
modification terms. The escrow payment may be subject to an additional
increase in the future. Your loan may be analyzed after the terms of
the modification are met. You will receive a notice regarding any
additional increase to the escrow payment.

Title Report
In certain instances, a Title Report will be required. The Title Report
will validate the Mortgage/Deed of Trust will remain in first lien
position. In the event the modification request is canceled or denied,
your loan may be assessed with a title search fee up to $150.00.

LM505/2IF
Together we'll go far





Wells Fargo Home Mortgage
MAC W0152-010
220 Wildwood Parkway
Birmingham, AL 35209

Tel:  877 325 4114 Toll Free

May 03, 2011

## LOAN MODIFICATION SETTLEMENT STATEMENT

CUSTOMER INFORMATION:
Loan Number:        936 0632563797
Property Address:   128 Bonnet Ln
                    Hatboro PA 19040

TOTAL AMOUNT DUE PRE-MODIFICATION
Principal                              $       204,274.23
Interest                               $         4,766.40
Escrow                                 $         1,998.03
Late Fees/NSF Fees                     $             0.00
Recoverable Expenses*                  $            20.00
Less Funds Already on Deposit         ($         1,492.85)

Total Amount Due Pre-Modification      $       209,565.81

AMOUNTS INCLUDED (Capitalized in the Modification):
Interest                               $         4,766.40
Escrow                                 $         1,998.03
Less Amount for Adjustments           ($         1,472.85)
Total Capitalized Amount               $         5,291.58

LM555/2IF/Pg.1
**Continue to next page**

Together we'll go far

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. NMLSR ID 399801



Wells Fargo Home Mortgage
MAC W0152-010
220 Wildwood Parkway
Birmingham, AL 35209

Tel:  877 325 4114 Toll Free

```
OUTSTANDING BALANCES:
Principal                                    $     209,565.81
Interest                                     $           0.00
Escrow                                       $           0.00
Late Fees/NSF Fees                           $           0.00
Recoverable Expenses*                        $          20.00
Amt Applied to 1st Modified Pymt as shown on page 2 $    0.00
Less Funds from Borrower                     ($          0.00)
Less Amount for Adjustments                  ($         20.00)


TOTAL AMOUNT OWED AFTER MODIFICATION         $     209,565.81
```

* Recoverable Expenses may include, but are not limited to: Title, Attorney fees/costs, BPO/Appraisal, and/or Property Preservation / Property Inspections

NOTE: Upon completion of your loan modification, a letter will be provided to you with a detailed breakdown of the outstanding balance of $0.00 that are still due and payable on your loan. You are responsible for making payment arrangements for the amount outstanding.

TERMS OF THE MODIFICATION:

| | Pre-Modification | Modified |
|---|---|---|
| Unpaid Principal Balance | $   204,274.23 | $   209,565.81 |
| Interest Rate | 7.00000% | 4.875% |
| Monthly Principal & Interest Payment | 1,478.31 | 1,109.04 |
| Maturity Date | 08-34 | 06/01/2041 |
| First Modified Payment Due Date | | 07/01/2011 |
| New Term (months) | | 360 |

```
1st MODIFIED PAYMENT DUE
First Modified Payment Amount                $       1,578.30
Amount Applied Towards 1st Mod Payment Due   $           0.00
Amount owed by you on 07/01/2011             $       1,578.30
```

LM556/2IF/Pg.2

Together we'll go far

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. NMLSR ID 399801

**WELLS HOME
FARGO MORTGAGE**

Wells Fargo Home Mortgage
MAC W0152-010
220 Wildwood Parkway
Birmingham, AL 35209

Tel: 877 325 4114 Toll Free

MODIFICATION AGREEMENT
LOAN NUMBER 936-0632563797
PROPERTY ADDRESS 128 Bonnet Ln
Hatboro PA 19040
Borrower's Representations

THIS LOAN MODIFICATION AGREEMENT made on May 03, 2011, by and
between Edward J Dalesandro and Rosemary A Dalesandro
(the "Borrower(s)") and Wells Fargo Bank, N A (the "Lender")
amends and supplements that certain Note and Mortgage or Deed of Trust
dated 07/23/2004.
WHEREAS, Borrower has requested, and Lender has agreed, to modify
the terms of the Note and Security Instrument as follows:

1.  Borrower filed for relief under Chapter 07 of the United States
    Bankruptcy Code on 02/01/2005.
2.  Borrower received a discharge pursuant to the United States
    Bankruptcy Code on 04/04/2005.
3.  Prior to filing for relief under the United States Bankruptcy Code,
    Borrower agreed to pay for the Property over time, pursuant to the
    Note and Security Instrument between Lender and Borrower.  Such
    agreement granted Lender a valid security interest and an
    enforceable lien on the Property.
4.  Borrower, during the course of the bankruptcy case referenced
    above, never reaffirmed the debt from the Borrower to Lender.
5.  Borrower desires to retain the Property, and acknowledges that
    Lender's security interest and lien are still valid and enforceable.
6.  Borrower acknowledges and understands that he/she is not obligated
    to enter into this Agreement.
7.  Borrower acknowledges that he/she is entering into this Agreement
    at Borrower's request, voluntarily and with no coercion or pressure
    from Lender, for the sole purpose of retaining the Property and that
    Borrower has no personal obligation to repay the debt secured by
    the Property which was discharged in bankruptcy.
    _ED/RAD_ (AFTER READING THIS PARAGRAPH, BORROWER MUST INITIAL HERE.)
8.  Borrower acknowledges that Lender retains certain rights, including
    but not limited to the right to foreclose its lien under the
    appropriate circumstances.
9.  Borrower acknowledges that, absent this Agreement, Lender is
    entitled to enforce its security interest in the Property, and
    to foreclose and dispose of the Property in accordance with the
    Security Instrument and applicable state law.

Lender's Representations
10. Lender acknowledges (1) that Borrower has received a discharge in
    bankruptcy, (2) that the debt from the Borrower to Lender has been
    discharged and (3) that Borrower has no personal obligation to pay
    the debt secured by the Property.
11. Lender, despite such discharge, retains a valid and enforceable
    security interest in and lien on the Property.
12. Absent this Agreement, Lender is entitled to enforce its security
    interest in the Property.

Together we'll go far

BK175/2IF/1



Wells Fargo Home Mortgage
MAC W0152-010
220 Wildwood Parkway
Birmingham, AL 35209

Tel: 877 325 4114 Toll Free

Page 2 - Modification Agreement   0632563797

13. Borrower has requested that Lender allow him/her to retain the
    Property and Lender has agreed to such request, in exchange for
    Borrower's payment to Lender of the debt secured by the Property
    in the manner specified herein.

THEREFORE, in consideration of the mutual representations and the other
consideration expressed herein, Borrower and Lender jointly agree as
follows:

1. Borrower desires to retain, and Lender agrees to allow Borrower
   to retain, the Property under the conditions in this Agreement.
2. Borrower and Lender agree that the consideration for this Agreement
   is Lender's forbearance from presently exercising its rights and
   pursuing its remedies under the Security Instrument as a result
   of the Borrower's default of its obligations thereunder.
3. Borrower and Lender acknowledge and agree that this Modification
   Agreement does not affect the discharge of the Borrower's personal
   liability on the debt.
4. Borrower acknowledges that the Lender has incurred, paid, or
   otherwise advanced taxes, insurance premiums, and other expenses
   necessary to protect or enforce its security interest in the Note
   and Security Instrument, and that such costs and expenses, together
   with accrued interest, in the total amount of $5,291.58 have been
   added to the indebtedness under the terms of the Note and Security
   Instrument, and that as of 07/01/2011, the amount, including the
   amounts which have been added to the indebtedness, payable under
   the Note and Security Instrument (the "Unpaid Principal Balance")
   is U.S. $209,565.81.
5. Borrower shall pay the Modified Unpaid Principal Balance, plus
   interest, to the order of the Lender.  Interest will be charged
   on the unpaid principal balance at the yearly rate of 4.875%,
   beginning 06/01/2011.  The Borrower shall make monthly payments of
   principal and interest of U.S. $1,109.04 (not including escrow
   deposit), beginning on 07/01/2011 and continuing thereafter on
   the same day of each succeeding month until Lender has received
   all principal and interest payable under the Note and Security
   Instrument. If on 06/01/2041 (the "Modified Maturity Date"), there are
   still amounts due and owing under the Note and Security Instrument,
   as amended by this Modification, the Borrower will pay these
   amounts on the Modified Maturity Date.  The Borrower will make such
   payments at Lender or at such other place as the Lender may require.
6. Notwithstanding any monthly payments hereunder, Borrower
   understands that (1) Lender's sole recourse is the enforcement of
   its security interest in the Property and any action which may
   exist in relation to the Property itself and that (2) nothing in
   this Agreement revives or purports to revive any debt, Together Go far
   any personal liability or obligation for a debt that was discharged
   in bankruptcy. BD/RAD (BORROWER MUST INITIAL H



Wells Fargo Home Mortgage
MAC W0152-010
220 Wildwood Parkway
Birmingham, AL 35209

Tel:  877 325 4114 Toll Free

Page 3 - Modification Agreement   0632563797

7.   Notwithstanding any other covenant, agreement or provision of the
Note and Security Instrument, as defined in the Modification
Agreement, the Borrower(s) agree as follows:

If all or any part of the Property or any interest in it is sold
or transferred (or if a beneficial interest in Borrower is sold or
transferred and Borrower is not a natural person) without Lender's
prior written consent, Lender may, at its option, require immediate
possession of the Property secured by the Security Instrument.
However, this option shall not be exercised by Lender if exercise
is prohibited by federal law as of the date of this Modification
Agreement.
If Lender exercises this option, Lender shall give Borrower notice
of acceleration.  The notice shall provide a period of not less than
30 days from the date the notice is delivered or mailed within which
Borrower must cure this default pursuant to the terms of the Security
Instrument.  If Borrower fails to cure the default prior to the
expiration of this period, Lender may invoke any remedies permitted
by the Security Instrument without further notice or demand on
Borrower.  Lender's rights and remedies extend only to the Property,
and any action related to the Property itself and not to recovery of
any amount owed to Lender under the Note which has been discharged in
bankruptcy.

8.   Borrower also will comply with all other covenants, agreements, and
requirements of the Security Instrument, included without limitation,
the Borrower's covenants and agreements to make all payments of
taxes, insurance premiums, assessments, escrow items, impounds, and
all other payments that are required by the Security Instrument;
however, the following terms and provisions are forever canceled,
null and void, as of the effective date of this Modification
Agreement:
(a)  All terms and provisions of the Note and Security Instrument
     (if any) providing for, implementing, or relating to, any
     change or adjustment in the rate of interest payable under the
     Note; and
(b)  All terms and provisions of any adjustable rate rider or other
     instrument or document that is affixed to, wholly or partially
     incorporated into, or is part of, the Note or Security
     Instrument and that contains any such terms and provisions as
     those referred to in (a) above.
(c)  All terms and provisions of the Note and Security Instrument
     that provide that Borrower is personally liable to pay the
     debt secured by the Property.

9.   If Borrower fails to pay Lender the amount due and owing or to pay
any monthly payment on the dates above, Borrower shall surrender
the Property to Lender.  If Borrower fails or refuses to surrender
the Property to Lender, Lender may exercise any and all remedies to go far
to recover the Property as may be available to Lender pursuant
to its security interest and lien and applic



Wells Fargo Home Mortgage
MAC W0152-010
220 Wildwood Parkway
Birmingham, AL 35209

Tel:  877 325 4114 Toll Free

Page 4 - Modification Agreement   0632563797

remedies may include the recovery of reasonable attorney's fees
actually incurred, plus legal expenses and expenses for entering
on the Property to make repairs in any foreclosure action filed to
enforce the Lender lien.  Lender's rights and remedies extend only
to the Property, and any action related to the Property itself
and not to recovery of any amount owed to Lender under the Note
which has been discharged in bankruptcy.

10. This Agreement shall be construed pursuant to the laws of the
state in which the property is located.

11. NOTHING CONTAINED HEREIN SHALL BE CONSTRUED TO BE A WAIVER OF THE
BORROWER'S DISCHARGE, AN ATTEMPT TO COLLECT AGAINST THE BORROWER
PERSONALLY, OR AN ATTEMPT TO REVIVE PERSONAL LIABILITY.

12. Nothing in this agreement shall be understood or construed to be a
satisfaction or release in whole or in part of the Security
Instrument.  Except as otherwise specifically provided in this
Agreement, the Note and Security Instrument will remain unchanged
and the Borrower and Lender will be bound by, and comply with, all
of the terms and provisions thereof, as amended by this Agreement.

CORRECTION AGREEMENT.  The undersigned borrower(s), for and in
consideration of the approval, closing and funding of this Modification,
hereby grants Wells Fargo Bank, N A, as lender, limited power of attorney
to correct and/or initial all typographical or clerical errors discovered
in the Modification Agreement required to be signed.  In the event this
limited power of attorney is exercised, the undersigned will be notified
and receive a copy of the document executed or initialed on their behalf.
This provision may not be used to modify the interest rate, modify the
term, modify the outstanding principal balance or modify the
undersigned's monthly principal and interest payments as modified by this
agreement.  Any of these specified changes must be executed directly by
the undersigned.  This limited power of attorney shall automatically
terminate in 120 days from the closing date of the undersigned's
Modification. _ED/RAD_ (Borrower Initial)

_Edward J. Dalesandro_                          5/11/11
Edward J Dalesandro                /Date

_Rosemary A Dalesandro_                          5/11/11
Rosemary A Dalesandro              /Date



_____
Wells Fargo Bank, N A, Officer/Date

BK176/2IF/4

Together we'll go far



Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. NMLSR ID 399801

**EXHIBIT "B"**



Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet
__MONTGOMERY__ County

| For Prothonotary Use Only: | |
|---|---|
| Docket No: 2012-05493 | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

Lead Plaintiff's Name: WELLS FARGO BANK, N.A.

Lead Defendant's Name: EDWARD J. DALESANDRO

Are money damages requested? ☐ Yes ☒ No

Dollar Amount Requested: (Check one)
- ☐ within arbitration limits
- ☒ outside arbitration limits

Is this a Class Action Suit? ☐ Yes ☒ No

**Is this an MDJ Appeal?** ☐ Yes ☒ No

Name of Plaintiff/Appellant's Attorney: Robert W. Cusick, Esq., Id. No.80193, Phelan Hallinan & Schmieg, LLP
☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABILITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other _____
- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☒ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other _____
- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

Updated 01/01/2011

# IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

WELLS FARGO BANK, N.A.
                    VS.                              No.
EDWARD J. DALESANDRO
ROSEMARY A. O'DONNELL A/K/A ROSEMARY A.
DALESANDRO

## CIVIL COVER SHEET

Local Rule 205.2(b) requires this form to be attached to any document commencing an action in the Montgomery County Court of Common Pleas. The information provided herein is used solely as an aid in tracking cases in the court system. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

---

**Commencement of Action:** *(check one)*

- [x] Complaint
- [ ] Writ of Summons
- [ ] Declaration of Taking
- [ ] Petition
- [ ] Transfer From Other Jurisdiction
- [ ] Notice of Appeal

**Amount in Controversy:**

- [ ] $50,000 or less
- [x] More than $50,000

**Case Type and Code:** *(check the most specific classification ONLY)*

**Appeals**
- [ ] DJ – Money Judgment
- [ ] DJ – Landlord/Tenant
- [ ] Drivers License Suspension
- [ ] Vehicle Registration Suspension
- [ ] Local Agency
- [ ] Board of Assessment
- [ ] Zoning/Land Use

**Contract**
- [ ] Construction
- [ ] Employment
- [ ] Other

**Intentional Tort**
- [ ] Assault/Battery
- [ ] Libel/Slander
- [ ] Fraud
- [ ] Other

**Real Property**
- [ ] Ejectment
- [ ] Quiet Title
- [ ] Mechanics Lien
- [x] Mortgage Foreclosure
- [ ] Partition
- [ ] Replevin
- [ ] Other

**Professional Liability**
- [ ] Medical
- [ ] Dental
- [ ] Legal
- [ ] Other

**Equitable Relief**
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Other

**Negligence**
- [ ] Motor Vehicle
- [ ] Premises Liability
- [ ] Product Liability
- [ ] Asbestos
- [ ] Other Toxic Tort
- [ ] Other

**Miscellaneous**
- [ ] Appointment of Arbitrator
- [ ] Class Action
- [ ] Confession of Judgment
- [ ] Debt Collection
- [ ] Eminent Domain
- [ ] Name Change
- [ ] Wrongful Death

- [ ] Other: _____
      (specify)

---

PHELAN HALLINAN & SCHMIEG, LLP
Robert W. Cusick, Esq., Id. No.80193
1617 JFK Boulevard, Suite 1400
One Penn Center Plaza
Philadelphia, PA 19103
215-563-7000

ATTORNEY FOR PLAINTIFF

290854

WELLS FARGO BANK, N.A.
3476 STATEVIEW BOULEVARD
FORT MILL, SC 29715

COURT OF COMMON PLEAS

CIVIL DIVISION

       Plaintiff

v.

TERM

EDWARD J. DALESANDRO
ROSEMARY A. O'DONNELL A/K/A ROSEMARY A.
DALESANDRO
128 BONNET LANE
HATBORO, PA 19040-4521

NO. 2012-05493

MONTGOMERY COUNTY

       Defendants

## CIVIL ACTION - LAW
## COMPLAINT IN MORTGAGE FORECLOSURE

**We hereby certify the
within to be a true and
correct copy of the
original filed of record**



File #:  290854

**NOTICE**

OFFICE OF THE
PROTHONOTARY
MONTGOMERY COUNTY, PA.

12 FEB 29 AM 1:06

You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so, the case may proceed without you, and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Services:
Montgomery Bar Association
100 West Airy Street
P.O. Box 268
Norristown, PA  19404
(610) 279-9660
(800) 560-5291



File #:  290854

OFFICE OF THE
PROTHONOTARY
MONTGOMERY COUNTY, PA.

12 FEB 29 AM 1:06

1.      Plaintiff is

WELLS FARGO BANK, N.A.
3476 STATEVIEW BOULEVARD
FORT MILL, SC 29715

2.      The name(s) and last known address(es) of the Defendant(s) are:

EDWARD J. DALESANDRO
ROSEMARY A. O'DONNELL A/K/A ROSEMARY A. DALESANDRO
128 BONNET LANE
HATBORO, PA 19040-4521

who is/are the mortgagor(s) and/or real owner(s) of the property hereinafter described.

3.      On 07/23/2004 EDWARD J. DALESANDRO and ROSEMARY A. O'DONNELL made,

executed and delivered a mortgage upon the premises hereinafter described to

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR

GATEWAY FUNDING DIVERSIFIED MORTGAGE SERVICES L.P. which mortgage

is recorded in the Office of the Recorder of MONTGOMERY County, in Mortgage Book

11209, Page 1101.  By Assignment of Mortgage recorded 04/12/2007 the mortgage was

assigned to PLAINTIFF which Assignment is recorded in Assignment of Mortgage Book

12080, Page 02321.The mortgage and assignment(s), if any, are matters of public record

and are incorporated herein by reference in accordance with Pa.R.C.P. 1019(g); which

Rule relieves the Plaintiff from its obligations to attach documents to pleadings if those

documents are of public record.

4.      The premises subject to said mortgage is described as attached.

5.      The mortgage is in default because monthly payments of principal and interest upon said

mortgage due 10/01/2011 and each month thereafter are due and unpaid, and by the terms

of said mortgage, upon failure of mortgagor to make such payments after a date specified

by written notice sent to Mortgagor, the entire principal balance and all interest due

thereon are collectible forthwith.

6.  The following amounts are due on the mortgage as of 02/06/2012:

| | |
|---|---|
| Principal Balance | $202,231.79 |
| Interest | $6,092.37 |
| 09/01/2011 through 02/06/2012 | |
| Late Charges | $177.39 |
| Escrow Balance Credit | ($547.43) |
| Suspense Balance Credit | ($434.31) |
| **TOTAL** | **$207,519.81** |

7.  Plaintiff is <u>not</u> seeking a judgment of personal liability (or an <u>in personam</u> judgment)

against the Defendant(s) in the Action; however, Plaintiff reserves its right to bring a

separate Action to establish that right, if such right exists.  If Defendant(s) has/have

received a discharge of personal liability in a bankruptcy proceeding, this Action of

Mortgage Foreclosure is in no way an attempt to reestablish such personal liability

discharged in bankruptcy, but only to foreclose the mortgage and sell the mortgaged

premises pursuant to Pennsylvania Law.

8.  Notice of Intention to Foreclose as set forth in Act 6 of 1974 and/or Notice of Default as

required by the mortgage document, as applicable, have been sent to the Defendant(s) on

the date(s) set forth thereon.

WHEREFORE, Plaintiff demands an in rem judgment against the Defendant(s) in the sum of $207,519.81, together with interest, costs, fees, and charges collectible under the mortgage including but not limited to attorney fees and costs, and for the foreclosure and sale of the mortgaged property.

PHELAN HALLINAN & SCHMIEG, LLP

By: _____

Robert W. Cusick, Esquire
Attorney for Plaintiff

## LEGAL DESCRIPTION

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected, hereditaments and appurtenances, situate in Upper Moreland Township, County of Montgomery, Commonwealth of Pennsylvania, bounded and described according to a Survey of Properties made for the Curtis-Bailey Company on October 18, 1954, by Reeder and Magarity, Professional Engineers, Upper Darby, Pennsylvania, as follows, to wit

BEGINNING at a point on the Northeast side of Bonnet Lane 50 feet wide at the distance of 310 feet measured along same South 48 degrees 08 minutes East from its intersection with the Southeast side of Orchard Way (50 feet wide) (both lines produced).

CONTAINING in front or breadth on the said Bonnet Lane 70 feet measured along same South 48 degrees 08 minutes East from the said beginning point and extending of that width in length or depth North 41 degrees 52 minute East between parallel lines at right angles to the said Bonnet Lane 125 feet.

BEING Lot No 617, House No. 128 Bonnet Lane.

Property Parcel Number 59-00-01273-00-9

BEING THE SAME PREMISES which Thomas S Rowland and Melanie D Rowland, husband and wife, by Deed dated November 16, 2001, recorded in the Recorder of Deeds Office of Montgomery County, Pennsylvania, in Deed Book 5388 page 410 &c , granted and conveyed unto Bryan Shapiro and Lynne A Eichorn, as joint tenants with the right of survivorship, in fee

**PROPERTY ADDRESS: 128 BONNET LANE, HATBORO, PA 19040-4521**

**PARCEL # 59-00-01273-00-9**

## VERIFICATION

Brent Alban, hereby states that he/she is Vice President Loan Documentation of WELLS FARGO BANK, N.A., plaintiff or mortgage servicing agent for plaintiff in this matter, that he/she is authorized to make this Verification, and verify that the statements made in the foregoing Civil Action in Mortgage Foreclosure are true and correct to the best of his/her information and belief.  The undersigned understands that this statement is made subject to the penalties of 18 Pa. C.S. Sec. 4904 relating to unsworn falsification to authorities.

Name: Brent Alban

DATE: 2/22/2012

Title: Vice President Loan Documentation

032-PA-V3                                                        File #: 290854

**EXHIBIT "C"**

Case# 2012-05493-16 Docketed at Montgomery County Prothonotary on 07/24/2015 2:40 PM, Fee = $0.00

**Phelan Hallinan Diamond & Jones, LLP**      **Attorney For Plaintiff**
**1617 JFK Boulevard, Suite 1400**
**One Penn Center Plaza**
**Philadelphia, PA 19103**
**215-563-7000**

| | | |
|---|---|---|
| **WELLS FARGO BANK, N.A.** <br> **Plaintiff** | : <br> : <br> : | **Court of Common Pleas** <br><br> **Civil Division** |
| **v.** | : <br> : | **MONTGOMERY County** |
| **EDWARD J. DALESANDRO** <br> **ROSEMARY A. O'DONNELL** <br> **A/K/A ROSEMARY A. DALESANDRO** <br> **Defendants** | : <br> : <br> : | **No. 2012-05493** |

<u>**PRAECIPE FOR VOLUNTARY SUBSTITUTION OF PARTY PLAINTIFF**</u>
<u>**PURSUANT TO Pa.R.C.P., 2352**</u>

<u>TO THE PROTHONOTARY</u>:

     Kindly substitute LSF9 MASTER PARTICIPATION TRUST as successor Plaintiff for the originally named Plaintiff.

     The material facts on which the right of succession and substitution are based as follows:

         LSF9 MASTER PARTICIPATION TRUST is the current holder of the mortgage by virtue of that certain Assignment of Mortgage, which Assignment was recorded on 02/27/2015 in Book 13905, Page 00501, Instrument No. 2015013307 of the Recorder of Deeds Office in and for MONTGOMERY County.

     Kindly amend the information on the docket accordingly.

Date: 7/23/15                    By

                                  Joseph E. DeBarberie, Esq., Id. No.315421
                                    Attorney for Plaintiff

PH # 784676

**EXHIBIT "D"**

# CALIBER
## HOME LOANS

**RETURN SERVICE ONLY**
Please do not send mail to this address
PO Box 619063
Dallas TX 75261-9063

B

# Informational Statement

Statement Date: 12/18/2014

If you have questions or concerns about your statement, please contact us at 1-800-401-6587 between the hours of 8:00am and 7:00pm Monday through Friday (CST).

Email us at customerservice@CaliberHomeLoans.com or visit our website at http://www.caliberhomeloans.com.

1-759-60726-0029354-006-1-000-010-000-000

EDWARD J DALESANDRO
ROSEMARY A DALESANDRO
128 BONNET LN
HATBORO PA  19040-4521

| | |
|---|---|
| Account Number | 9803756734 |
| Payment Date | 01/01/15 |
| **Payment Amount** | **$1,964.83** |

Property Address: 128 BONNET LN
HATBORO PA 19040

## Account Information

| | |
|---|---|
| Outstanding Principal | $201,330.68 |
| Interest Rate | 7.00000% |
| Prepayment Penalty | No |
| Deferred Fees | $0.00 |
| Deferred Principal | $0.00 |
| Deferred Interest | $0.00 |
| Deferred Escrow | $0.00 |
| Deferred Late Charge Balance | $0.00 |
| Unapplied Funds | $0.00 |
| Contractual Due Date (for information only) | 01/01/12 |
| Maturity Date | 08/01/2034 |
| Current Escrow Balance | ($16,877.08) |
| Bankruptcy Status | |
| • Bankruptcy Chapter | N/A |

## Explanation of Amount

| | |
|---|---|
| Principal | $374.66 |
| Interest | $1,103.65 |
| Escrow (Taxes, Insurance, or PMI) | $486.52 |
| Optional Products | $0.00 |
| Ancillary | $0.00 |
| **Regular Monthly Payment** | **$1,964.83** |
| **Total Amount** | **$1,964.83** |

## Past Payments Breakdown:

| | Paid Last Month | Paid Year-To-Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Taxes, Insurance, or PMI) | $0.00 | $0.00 |
| Fees | $0.00 | $0.00 |
| Late Charges | $0.00 | $0.00 |
| Unapplied Balance | $0.00 | $0.00 |
| **Total** | **$0.00** | **$0.00** |

## Transaction Activity (11/19/14 - 12/18/14)

| Date | Description | Charges | Payments |
|---|---|---|---|
| 11-19-2014 | Pp-Drive By Inspection | $15.00 | |

You may update your personal information by visiting our website at
www.CaliberHomeLoans.com.

This is an attempt by a debt collector to collect a consumer debt and any information obtained will be used for that purpose.

# CALIBER HOME LOANS

Please do not send mail to this address
PO Box 619063
Dallas TX  75261-9063

**B**

## Informational Statement
Statement Date: 01/19/2015

If you have questions or concerns about your statement, please contact us at 1-800-401-6587 between the hours of 8:00am and 7:00pm Monday through Friday (CST).

Email us at customerservice@CaliberHomeLoans.com or visit our website at http://www.caliberhomeloans.com.

7-759-61319-0017108-004-1-000-010-000-000

EDWARD J DALESANDRO
ROSEMARY A DALESANDRO
128 BONNET LN
HATBORO PA  19040-4521

| | |
|---|---|
| **Account Number** | **9803756734** |
| **Payment Date** | **02/01/15** |
| **Payment Amount** | **$1,964.83** |

Property Address: 128 BONNET LN
HATBORO PA 19040

## Account Information

| | |
|---|---|
| Outstanding Principal | $201,330.68 |
| Interest Rate | 7.00000% |
| Prepayment Penalty | No |
| Deferred Fees | $0.00 |
| Deferred Principal | $0.00 |
| Deferred Interest | $0.00 |
| Deferred Escrow | $0.00 |
| Deferred Late Charge Balance | $0.00 |
| Unapplied Funds | $0.00 |
| Contractual Due Date (for information only) | 01/01/12 |
| Maturity Date | 08/01/2034 |
| Current Escrow Balance | ($16,877.08) |
| Bankruptcy Status | |
| • Bankruptcy Chapter | N/A |

## Explanation of Amount

| | |
|---|---|
| Principal | $376.85 |
| Interest | $1,101.46 |
| Escrow (Taxes, Insurance, or PMI) | $486.52 |
| Optional Products | $0.00 |
| Ancillary | $0.00 |
| **Regular Monthly Payment** | **$1,964.83** |
| **Total Amount** | **$1,964.83** |

| Past Payments Breakdown: | Paid Last Month | Paid Year-To-Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Taxes, Insurance, or PMI) | $0.00 | $0.00 |
| Fees | $0.00 | $0.00 |
| Late Charges | $0.00 | $0.00 |
| Unapplied Balance | $0.00 | $0.00 |
| **Total** | **$0.00** | **$0.00** |

## Transaction Activity (12/19/14 - 01/19/15)

| Date | Description | Charges | Payments |
|---|---|---|---|
| | | | |

You may update your personal information by visiting our website at
www.CaliberHomeLoans.com.

This is an attempt by a debt collector to collect a consumer debt and any information obtained will be used for that purpose.

# CALIBER HOME LOANS

RETURN SERVICE ONLY
Please do not send mail to this address
PO Box 619063
Dallas TX 75261-9063

**Informational Statement**

Statement Date: 02/18/2015

If you have questions or concerns about your statement, please contact us at 1-800-401-6587 between the hours of 8:00am and 7:00pm Monday through Friday (CST).

Email us at customerservice@CaliberHomeLoans.com or visit our website at http://www.caliberhomeloans.com.

7-759-61917-0027908-006-1-000-010-000-000

EDWARD J DALESANDRO
ROSEMARY A DALESANDRO
128 BONNET LN
HATBORO PA 19040-4521

| Account Number | 9803756734 |
|---|---|
| Payment Date | 03/01/15 |
| **Payment Amount** | **$1,964.83** |

Property Address: 128 BONNET LN
HATBORO PA 19040

## Account Information

| | |
|---|---|
| Outstanding Principal | $201,330.68 |
| Interest Rate | 7.00000% |
| Prepayment Penalty | No |
| Deferred Fees | $0.00 |
| Deferred Principal | $0.00 |
| Deferred Interest | $0.00 |
| Deferred Escrow | $0.00 |
| Deferred Late Charge Balance | $0.00 |
| Unapplied Funds | $0.00 |
| Contractual Due Date (for information only) | 01/01/12 |
| Maturity Date | 08/01/2034 |
| Current Escrow Balance | ($16,877.08) |
| Bankruptcy Status | |
| • Bankruptcy Chapter | N/A |

## Explanation of Amount

| | |
|---|---|
| Principal | $379.05 |
| Interest | $1,099.26 |
| Escrow (Taxes, Insurance, or PMI) | $486.52 |
| Optional Products | $0.00 |
| Ancillary | $0.00 |
| **Regular Monthly Payment** | **$1,964.83** |
| **Total Amount** | **$1,964.83** |

## Past Payments Breakdown:

| | Paid Last Month | Paid Year-To-Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Taxes, Insurance, or PMI) | $0.00 | $0.00 |
| Fees | $0.00 | $0.00 |
| Late Charges | $0.00 | $0.00 |
| Unapplied Balance | $0.00 | $0.00 |
| **Total** | **$0.00** | **$0.00** |

## Transaction Activity (01/20/15 - 02/18/15)

| Date | Description | Charges | Payments |
|---|---|---|---|
| 02-10-2015 | Pp-Drive By Inspection | $15.00 | |

You may update your personal information by visiting our website at
www.CaliberHomeLoans.com

This is an attempt by a debt collector to collect a consumer debt and any information obtained will be used for that purpose. This notice is not intended as legal advice and you should consult your lawyer if you have any legal questions about your rights. agreement, such as the right to foreclose.

# CALIBER HOME LOANS

Please do not send mail to this address
PO Box 619063
Dallas TX 75261-9063

**B**

# Informational Statement

Statement Date: 03/18/2015

If you have questions or concerns about your statement, please contact us at 1-800-401-6587 between the hours of 8:00am and 7:00pm Monday through Friday (CST).

Email us at customerservice@CaliberHomeLoans.com or visit our website at http://www.caliberhomeloans.com.

1-759-62427-0024665-005-1-000-010-000-000

ɪlɪɪlɪɪllɪllɪɪɪlɪɪlɪllllɪlɪllɪlɪllɪlɪɪllɪɪlɪɪl

EDWARD J DALESANDRO
ROSEMARY A DALESANDRO
128 BONNET LN
HATBORO PA 19040-4521

| Account Number | 9803756734 |
|---|---|
| Payment Date | 04/01/15 |
| **Payment Amount** | **$1,964.83** |

Property Address: 128 BONNET LN
HATBORO PA 19040

## Account Information

| | |
|---|---|
| Outstanding Principal | $201,330.68 |
| Interest Rate | 7.00000% |
| Prepayment Penalty | No |
| Deferred Fees | $0.00 |
| Deferred Principal | $0.00 |
| Deferred Interest | $0.00 |
| Deferred Escrow | $0.00 |
| Deferred Late Charge Balance | $0.00 |
| Unapplied Funds | $0.00 |
| Contractual Due Date (for information only) | 01/01/12 |
| Maturity Date | 08/01/2034 |
| Current Escrow Balance | ($17,951.35) |
| Bankruptcy Status | |
| • Bankruptcy Chapter | N/A |

## Explanation of Amount

| | |
|---|---|
| Principal | $381.26 |
| Interest | $1,097.05 |
| Escrow (Taxes, Insurance, or PMI) | $486.52 |
| Optional Products | $0.00 |
| Ancillary | $0.00 |
| **Regular Monthly Payment** | **$1,964.83** |
| **Total Amount** | **$1,964.83** |

| Past Payments Breakdown: | Paid Last Month | Paid Year-To-Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Taxes, Insurance, or PMI) | $0.00 | $0.00 |
| Fees | $0.00 | $0.00 |
| Late Charges | $0.00 | $0.00 |
| Unapplied Balance | $0.00 | $0.00 |
| **Total** | **$0.00** | **$0.00** |

## Transaction Activity (02/19/15 - 03/18/15)

| Date | Description | Charges | Payments |
|---|---|---|---|
| 02-27-2015 | Pp-Drive By Inspection | $15.00 | |
| 03-09-2015 | Escrow Disbursement | $1,074.27 | |

## Important Messages

To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this statement is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. If your Plan requires you to make post-petition mortgage payments directly to the trustee, any such payments should be remitted to the Trustee, any such payments should be remitted to the Trustee directly in accordance with the orders of the Bankruptcy Court.

# CALIBER HOME LOANS

RETURN SERVICE ONLY.
Please do not send mail to this address.
PO Box 619063
Dallas TX 75261-9063

**Informational Statement**

Statement Date: 04/18/2015

If you have questions or concerns about your statement, please contact us at 1-800-401-6587 between the hours of 8:00am and 7:00pm Monday through Friday (CST).

Email us at customerservice@CaliberHomeLoans.com or visit our website at http://www.caliberhomeloans.com.

6-759-63019-0023142-005-1-000-010-000-000

EDWARD J DALESANDRO
ROSEMARY A DALESANDRO
128 BONNET LN
HATBORO PA 19040-4521

| Account Number | 9803756734 |
|---|---|
| Payment Date | 05/01/15 |
| **Payment Amount** | **$1,964.83** |

Property Address: 128 BONNET LN
HATBORO PA 19040

## Account Information

| | |
|---|---|
| Outstanding Principal | $201,330.68 |
| Interest Rate | 7.00000% |
| Prepayment Penalty | No |
| Deferred Fees | $0.00 |
| Deferred Principal | $0.00 |
| Deferred Interest | $0.00 |
| Deferred Escrow | $0.00 |
| Deferred Late Charge Balance | $0.00 |
| Unapplied Funds | $0.00 |
| Contractual Due Date (for information only) | 01/01/12 |
| Maturity Date | 08/01/2034 |
| Current Escrow Balance | ($17,951.35) |
| Bankruptcy Status | |
| • Bankruptcy Chapter | N/A |

759-2034-0414F

## Explanation of Amount

| | |
|---|---|
| Principal | $383.48 |
| Interest | $1,094.83 |
| Escrow (Taxes, Insurance, or PMI) | $486.52 |
| Optional Products | $0.00 |
| Ancillary | $0.00 |
| **Regular Monthly Payment** | **$1,964.83** |
| **Total Amount** | **$1,964.83** |

| Past Payments Breakdown: | Paid Last Month | Paid Year-To-Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Taxes, Insurance, or PMI) | $0.00 | $0.00 |
| Fees | $0.00 | $0.00 |
| Late Charges | $0.00 | $0.00 |
| Unapplied Balance | $0.00 | $0.00 |
| **Total** | **$0.00** | **$0.00** |

## Transaction Activity (03/19/15 - 04/18/15)

| Date | Description | Charges | Payments |
|---|---|---|---|
| 03-24-2015 | Expense Advances | -$3,020.00 | |
| 03-30-2015 | Pp-Drive By Inspection | $15.00 | |

## Important Messages

To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this statement is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. If your Plan requires you to make post-petition mortgage payments directly to the trustee, any such payments should be remitted to the Trustee, any such payments should be remitted to the Trustee directly in accordance with the orders of the Bankruptcy Court.

# CALIBER
## HOME LOANS

Please do not send mail to this address
PO Box 619063
Dallas TX 75261-9063

**B**

## Informational Statement
Statement Date: 05/18/2015

If you have questions or concerns about your statement, please contact us at 1-800-401-6587 between the hours of 8:00am and 7:00pm Monday through Friday (CST).

Email us at customerservice@CaliberHomeLoans.com or visit our website at http://www.caliberhomeloans.com.

1-759-63641-0028606-006-1-000-010-000-000

EDWARD J DALESANDRO
ROSEMARY A DALESANDRO
128 BONNET LN
HATBORO PA  19040-4521

| Account Number | 9803756734 |
|---|---|
| Payment Date | 06/01/15 |
| **Payment Amount** | **$1,964.83** |

Property Address: 128 BONNET LN
HATBORO PA 19040

## Account Information

| | |
|---|---|
| Outstanding Principal | $201,330.68 |
| Interest Rate | 7.00000% |
| Prepayment Penalty | No |
| Deferred Fees | $0.00 |
| Deferred Principal | $0.00 |
| Deferred Interest | $0.00 |
| Deferred Escrow | $0.00 |
| Deferred Late Charge Balance | $0.00 |
| Unapplied Funds | $0.00 |
| Contractual Due Date (for information only) | 01/01/12 |
| Maturity Date | 08/01/2034 |
| Current Escrow Balance | ($17,951.35) |
| Bankruptcy Status | |
| • Bankruptcy Chapter | N/A |

## Explanation of Amount

| | |
|---|---|
| Principal | $385.72 |
| Interest | $1,092.59 |
| Escrow (Taxes, Insurance, or PMI) | $486.52 |
| Optional Products | $0.00 |
| Ancillary | $0.00 |
| **Regular Monthly Payment** | **$1,964.83** |
| **Total Amount** | **$1,964.83** |

| Past Payments Breakdown: | Paid Last Month | Paid Year-To-Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Taxes, Insurance, or PMI) | $0.00 | $0.00 |
| Fees | $0.00 | $0.00 |
| Late Charges | $0.00 | $0.00 |
| Unapplied Balance | $0.00 | $0.00 |
| **Total** | **$0.00** | **$0.00** |

## Important Messages

To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this statement is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. If your Plan requires you to make post-petition mortgage payments directly to the trustee, any such payments should be remitted to the Trustee, any such payments should be remitted to the Trustee directly in accordance with the orders of the Bankruptcy Court.

## Transaction Activity (04/19/15 - 05/18/15)

| Date | Description | Charges | Payments |
|---|---|---|---|
| 05-01-2015 | Pp-Drive By Inspection | $15.00 | |

# CALIBER HOME LOANS

RETURN SERVICE ONLY
Please do not send mail to this address
PO Box 619063
Dallas TX  75261-9063

**B**

# Informational Statement

Statement Date: 07/18/2015

If you have questions or concerns about your statement, please contact us at 1-800-401-6587 between the hours of 8:00am and 7:00pm Monday through Friday (CST).

Email us at customerservice@CaliberHomeLoans.com or visit our website at http://www.caliberhomeloans.com.

8-759-64832-0021106-005-1-000-010-000-000

EDWARD J DALESANDRO
ROSEMARY A DALESANDRO
128 BONNET LN
HATBORO PA  19040-4521

| Account Number | 9803756734 |
|---|---|
| Payment Date | 08/01/15 |
| **Payment Amount** | **$1,964.83** |

Property Address: 128 BONNET LN
HATBORO PA 19040

## Account Information

| | |
|---|---|
| Outstanding Principal | $201,330.68 |
| Interest Rate | 7.00000% |
| Prepayment Penalty | No |
| Deferred Fees | $0.00 |
| Deferred Principal | $0.00 |
| Deferred Interest | $0.00 |
| Deferred Escrow | $0.00 |
| Deferred Late Charge Balance | $0.00 |
| Unapplied Funds | $0.00 |
| Contractual Due Date (for information only) | 01/01/12 |
| Maturity Date | 08/01/2034 |
| Current Escrow Balance | ($20,154.35) |
| Bankruptcy Status | |
| • Bankruptcy Chapter | N/A |

## Explanation of Amount

| | |
|---|---|
| Principal | $390.23 |
| Interest | $1,088.08 |
| Escrow (Taxes, Insurance, or PMI) | $486.52 |
| Ancillary | $0.00 |
| **Regular Monthly Payment** | **$1,964.83** |
| **Total Amount** | **$1,964.83** |

| Past Payments Breakdown: | Paid Last Month | Paid Year-To-Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Taxes, Insurance, or PMI) | $0.00 | $0.00 |
| Fees | $0.00 | $0.00 |
| Late Charges | $0.00 | $0.00 |
| Unapplied Balance | $0.00 | $0.00 |
| **Total** | **$0.00** | **$0.00** |

## Important Messages

To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this statement is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. If your Plan requires you to make post-petition mortgage payments directly to the trustee, any such payments should be remitted to the Trustee, any such payments should be remitted to the Trustee directly in accordance with the orders of the Bankruptcy Court.

## Transaction Activity (06/19/15 - 07/18/15)

| Date | Description | Charges | Payments |
|---|---|---|---|
| 06-29-2015 | PP-Drive By Inspection | $15.00 | |
| 07-02-2015 | Escrow Disbursement | $2,203.00 | |

759-2034-0414F

# CALIBER HOME LOANS

RETURN SERVICE
Please do not send mail to this address
PO Box 619063
Dallas TX 75261-9063

**Informational Statement**

Statement Date: 08/18/2015

If you have questions or concerns about your statement, please contact us at 1-800-401-6587 between the hours of 8:00am and 7:00pm Monday through Friday (CST).

Email us at customerservice@CaliberHomeLoans.com or visit our website at http://www.caliberhomeloans.com.

9-759-65464-0023382-005-1-000-010-000-000

EDWARD J DALESANDRO
ROSEMARY A DALESANDRO
128 BONNET LN
HATBORO PA 19040-4521

| Account Number | 9803756734 |
|---|---|
| Payment Date | 09/01/15 |
| **Payment Amount** | **$1,964.83** |

Property Address: 128 BONNET LN
HATBORO PA 19040

## Account Information

| | |
|---|---|
| Outstanding Principal | $201,330.68 |
| Interest Rate | 7.00000% |
| Prepayment Penalty | No |
| Deferred Fees | $0.00 |
| Deferred Principal | $0.00 |
| Deferred Interest | $0.00 |
| Deferred Escrow | $0.00 |
| Deferred Late Charge Balance | $0.00 |
| Unapplied Funds | $0.00 |
| Contractual Due Date (for information only) | 01/01/12 |
| Maturity Date | 08/01/2034 |
| Current Escrow Balance | ($23,217.39) |
| Bankruptcy Status | |
| • Bankruptcy Chapter | N/A |

## Explanation of Amount

| | |
|---|---|
| Principal | $392.51 |
| Interest | $1,085.80 |
| Escrow (Taxes, Insurance, or PMI) | $486.52 |
| Ancillary | $0.00 |
| **Regular Monthly Payment** | **$1,964.83** |
| **Total Amount** | **$1,964.83** |

| Past Payments Breakdown: | Paid Last Month | Paid Year-To-Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Taxes, Insurance, or PMI) | $0.00 | $0.00 |
| Fees | $0.00 | $0.00 |
| Late Charges | $0.00 | $0.00 |
| Unapplied Balance | $0.00 | $0.00 |
| **Total** | **$0.00** | **$0.00** |

## Important Messages

To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this statement is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. If your Plan requires you to make post-petition mortgage payments directly to the trustee, any such payments should be remitted to the Trustee, any such payments should be remitted to the Trustee directly in accordance with the orders of the Bankruptcy Court.

## Transaction Activity (07/19/15 - 08/18/15)

| Date | Description | Charges | Payments |
|---|---|---|---|
| 08-07-2015 | Escrow Disbursement | $3,063.04 | |

PLEASE WRITE YOUR ACCOUNT NUMBER ON YOUR CHECK AND RETURN THE BOTTOM PORTION

# EXHIBIT "E"



P.O. Box 24610
Oklahoma City, OK 73124-0610

December 10, 2014

EDWARD J DALESANDRO
ROSEMARY A DALESANDRO
128 BONNET LN
HATBORO          PA  19040

RE: Account # 9803756734

Dear EDWARD J DALESANDRO and ROSEMARY A DALESANDRO,

Enclosed you will find your payment, which is being returned for the following reason:

Insufficient funds to cure default.

We have tried to reach you to discuss this situation.  It is important that we speak to you soon.  Please call us immediately at 800-401-6587. We are available to discuss your situation and to review any alternatives that may be available to you between the hours of 8:00 a.m. to 5:00 p.m., Central Time, Monday through Friday.

Sincerely,

SPOC Department
Caliber Home Loans, Inc.

**Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge: If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a Federal Bankruptcy Court, this communication is not an attempt to collect a debt but is sent for informational purposes only or to satisfy certain Federal or State legal obligations.**

**THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A CONSUMER DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**



P.O. Box 24610
Oklahoma City, OK 73124-0610

January 14, 2015

EDWARD J DALESANDRO
ROSEMARY A DALESANDRO
128 BONNET LN
HATBORO        PA  19040

RE: Account # 9803756734

Dear EDWARD J DALESANDRO and ROSEMARY A DALESANDRO,

Enclosed you will find your payment, which is being returned for the following reason:

Insufficient funds to cure default.

We have tried to reach you to discuss this situation.  It is important that we speak to you soon.  Please call us immediately at 800-401-6587. We are available to discuss your situation and to review any alternatives that may be available to you between the hours of 8:00 a.m. to 5:00 p.m., Central Time, Monday through Friday.

Sincerely,

SPOC Department
Caliber Home Loans, Inc.

**Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge: If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a Federal Bankruptcy Court, this communication is not an attempt to collect a debt but is sent for informational purposes only or to satisfy certain Federal or State legal obligations.**

**THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A CONSUMER DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

6:00                                         20130409rev



P.O. Box 24610
Oklahoma City, OK 73124-0610

February 6, 2015

EDWARD J DALESANDRO
ROSEMARY A DALESANDRO
128 BONNET LN
HATBORO        PA  19040

RE: Account # 9803756734

Dear EDWARD J DALESANDRO and ROSEMARY A DALESANDRO,

Enclosed you will find your payment, which is being returned for the following reason:

Insufficient funds to cure default.

We have tried to reach you to discuss this situation.  It is important that we speak to you soon.  Please call us immediately at 800-401-6587. We are available to discuss your situation and to review any alternatives that may be available to you between the hours of 8:00 a.m. to 5:00 p.m., Central Time, Monday through Friday.

Sincerely,

SPOC Department
Caliber Home Loans, Inc.

**THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge: If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a Federal Bankruptcy Court, this communication is not an attempt to collect a debt but is sent for informational purposes only or to satisfy certain Federal or State legal obligations.**



P.O. Box 24610
Oklahoma City, OK 73124-0610

March 9, 2015

EDWARD J DALESANDRO
ROSEMARY A DALESANDRO
128 BONNET LN
HATBORO        PA  19040

RE: Account # 9803756734

Dear EDWARD J DALESANDRO and ROSEMARY A DALESANDRO,

Enclosed you will find your payment, which is being returned for the following reason:

Insufficient funds to cure default.

We have tried to reach you to discuss this situation.  It is important that we speak to you soon.  Please call us immediately at 800-401-6587.  We are available to discuss your situation and to review any alternatives that may be available to you between the hours of 8:00 a.m. to 5:00 p.m., Central Time, Monday through Friday.

Sincerely,

SPOC Department
Caliber Home Loans, Inc.

**THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge: If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a Federal Bankruptcy Court, this communication is not an attempt to collect a debt but is sent for informational purposes only or to satisfy certain Federal or State legal obligations.**

6:00                                    20150130rev



P.O. Box 24610
Oklahoma City, OK 73124-0610

April 8, 2015

EDWARD J DALESANDRO
ROSEMARY A DALESANDRO
128 BONNET LN
HATBORO      PA  19040

RE: Account # 9803756734

Dear EDWARD J DALESANDRO and ROSEMARY A DALESANDRO,

Enclosed you will find your payment, which is being returned for the following reason:

Insufficient funds to cure default.

We have tried to reach you to discuss this situation. It is important that we speak to you soon. Please call us immediately at 800-401-6587. We are available to discuss your situation and to review any alternatives that may be available to you between the hours of 8:00 a.m. to 5:00 p.m., Central Time, Monday through Friday.

Sincerely,

SPOC Department
Caliber Home Loans, Inc.

**THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge: If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a Federal Bankruptcy Court, this communication is not an attempt to collect a debt but is sent for informational purposes only or to satisfy certain Federal or State legal obligations.**



**CALIBER HOME LOANS**

P.O. Box 24610
Oklahoma City, OK 73124-0610

May 14, 2015

EDWARD J DALESANDRO
ROSEMARY A DALESANDRO
128 BONNET LN
HATBORO          PA  19040

RE: Account # 9803756734

Dear EDWARD J DALESANDRO and ROSEMARY A DALESANDRO,

Enclosed you will find your payment, which is being returned for the following reason:

Insufficient funds to cure default.

We have tried to reach you to discuss this situation.  It is important that we speak to you soon.  Please call us immediately at 800-401-6587. We are available to discuss your situation and to review any alternatives that may be available to you between the hours of 8:00 a.m. to 5:00 p.m., Central Time, Monday through Friday.

Sincerely,

SPOC Department
Caliber Home Loans, Inc.

**THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge: If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a Federal Bankruptcy Court, this communication is not an attempt to collect a debt but is sent for informational purposes only or to satisfy certain Federal or State legal obligations.**



P.O. Box 24610
Oklahoma City, OK 73124-0610

June 3, 2015

EDWARD J DALESANDRO
ROSEMARY A DALESANDRO
128 BONNET LN
HATBORO        PA  19040

RE: Account # 9803756734

Dear EDWARD J DALESANDRO and ROSEMARY A DALESANDRO,

Enclosed you will find your payment, which is being returned for the following reason:

Insufficient funds to cure default.

We have tried to reach you to discuss this situation.  It is important that we speak to you soon.  Please call us immediately at 800-401-6587. We are available to discuss your situation and to review any alternatives that may be available to you between the hours of 8:00 a.m. to 5:00 p.m., Central Time, Monday through Friday.

Sincerely,

SPOC Department
Caliber Home Loans, Inc.

**THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge: If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a Federal Bankruptcy Court, this communication is not an attempt to collect a debt but is sent for informational purposes only or to satisfy certain Federal or State legal obligations.**



P.O. Box 24610
Oklahoma City, OK 73124-0610

July 13, 2015

EDWARD J DALESANDRO
ROSEMARY A DALESANDRO
128 BONNET LN
HATBORO          PA  19040

RE: Account # 9803756734

Dear EDWARD J DALESANDRO and ROSEMARY A DALESANDRO,

Enclosed you will find your payment, which is being returned for the following reason:

Insufficient funds to cure default.

We have tried to reach you to discuss this situation.  It is important that we speak to you soon.  Please call us immediately at 800-401-6587. We are available to discuss your situation and to review any alternatives that may be available to you between the hours of 8:00 a.m. to 5:00 p.m., Central Time, Monday through Friday.

Sincerely,

SPOC Department
Caliber Home Loans, Inc.

**THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge: If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a Federal Bankruptcy Court, this communication is not an attempt to collect a debt but is sent for informational purposes only or to satisfy certain Federal or State legal obligations.**

# EXHIBIT "F"

# CALIBER HOME LOANS

**QUALIFED CUSTOMERS RECEIVE A**
**$15,099.80**
**RELOCATION INCENTIVE!**

EDWARD J DALESANDRO
ROSEMARY A DALESANDRO
128 BONNET LN
HATBORO, PA 19040-0000

8/14/2015

Dear EDWARD J DALESANDRO and ROSEMARY A DALESANDRO,

| | |
|---|---|
| Loan Number: | 9803756734 |
| Property Address: | 128 BONNET LN |
| | HATBORO, PA 19040 |

Caliber Home Loans, Inc., your current mortgage servicer, would like to offer you the opportunity to satisfy your outstanding mortgage loan by selling your property. This settlement offer, often called a "short sale", is available to qualified borrowers even if the amount of the account exceeds the final sale price.

Short sales are offered by Caliber in the ordinary course of business to provide borrowers with an alternative to foreclosure. If you qualify, you are eligible to receive a relocation incentive after selling your property.*
To accept this offer and find out more information, call Caliber Home Loans at (877) 279-5387 by the deadline listed below.

**SELL YOUR PROPERTY AND GET PAID A RELOCATION INCENTIVE!**
This program is designed to assist homeowners. We understand it can be costly to move. If you qualify for this program, you may receive an incentive in the amount of $15,099.80!

**WE WILL GUIDE YOU THROUGH THE PROCESS**
Caliber is here to help guide you through the process. By participating in the **Relocation Incentive Program** you may receive:
• Assistance with the sale of your property, including assistance in finding a real estate agent, if necessary
• Relocation assistance

Call **877-279-5387** and tell the representative you would like to learn more about the **Relocation Incentive Program** and to find out if you qualify. This offer expires **9/30/2015.**

Sincerely,

Single Point of Contact Department
Caliber Home Loans, Inc.

Mon. – Thurs. 8 AM to 9 PM; Fri. 8 AM to 7 PM Central Time

* Program qualification requires title approval and the sale of secured property at or above fair market value, as determined by Caliber. Qualifying borrowers will receive relocation incentive regardless of the outstanding balance on their account.